(No. 53004.—

JOHN D. POTTS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (I.M.L. Freight, Inc., Appellee).

*Opinion filed December 1, 1980.*

Jordan Teplitz, Ltd., and Beermann, Swerdlove, Woloshin, Berezky & Berkson, of Chicago (Miles N. Beermann and Howard A. London, of counsel), for appellant.

Dowd & Dowd, Ltd., of Chicago (Jospeh V. Dowd and Philip J. McGuire, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In this workmen's compensation case, an arbitrator awarded claimant, John Potts, 39 5/7 weeks compensation at $231.42 per week for temporary total disability

and $231.42 for 25 weeks for a 5% permanent impairment resulting from the fracture of his coccyx. (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d).) On review, the Commission found that the percentage of permanent impairment should be increased to 10% and that claimant was therefore entitled to 50 rather than 25 weeks compensation for the permanent disability of claimant "as a whole." Claimant sought review before the circuit court of Cook County, which confirmed the award as modified by the Commission. Claimant appeals to this court (73 Ill. 2d R. 302(a)) contending that a fractured coccyx should be treated as a fractured vertebra, thereby entitling him to an award of at least 60 weeks' compensation for permanent disability as authorized for the fracture of a vertebra (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(2)).

The accident in question occurred on February 2, 1977. While checking the brakes of a truck owned by respondent, I.M.L. Freight, Inc., claimant fell. As a result of this occurrence, a partial coccygectomy was performed several months later, involving the partial excision of that skeletal part. Examinations of the coccyx showed that it had sustained a fracture.

Claimant contends that the fracture or surgical removal of the coccyx constitutes a fractured vertebra as used in section 8(d)(2) of the Workmen's Compensation Act in effect at the time of the accident, thereby entitling him to an award under that section. Section 8(d)(2) provides in pertinent part:

> "If, as a result of the accident, the employee sustains serious and permanent injuries not covered by paragraphs (c) and (e) of this Section, *** he shall receive in addition to compensation for temporary total disability under paragraph (b) of this Section, compensation at the rate provided in subparagraph 2 of paragraph (b) of this Section for that percentage of 500 weeks that the partial disability resulting for the injuries covered by this paragraph bears to total disability. If the employee shall have

sustained a fracture of one or more vertebra or fracture of the skull, the amount of compensation allowed under this Section shall be not less than 60 weeks for a fractured skull and 60 weeks for each fractured vertebra. *** [T]he compensation provided in in this paragraph shall not affect the employee's right to compensation payable under paragraphs (b), (c) and (e) of this Section for the disabilities therein covered." Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(2).

Claimant asserts that the coccyx may be generally considered part of the vertebral column and is therefore encompassed within the word "vertebra" as used in section 8(d)(2). To support this position, claimant notes that, prior to its amendment in 1975, section 8(d) provided additional compensation for a fractured vertebra but stated that "the surgical removal of a part of a vertebra or fracture of the coccyx is not a fractured vertebra within the meaning of this paragraph." (Ill. Rev. Stat. 1973, ch. 48, par. 138.8(d).) Claimant concludes that the legislature's failure to retain the quoted language in the 1975 amendment demonstrates an intent to broaden the meaning of the term "fractured vertebra" to include surgical removal or fracture of the coccyx.

In construing the intent of the legislature, we must look to the language of the statute (*Totten v. State Board of Elections* (1980), 79 Ill. 2d 288, 291), and that language should normally be given its ordinary meaning (*Peoria Savings & Loan Association v. Jefferson Trust & Savings Bank* (1980), 81 Ill. 2d 461, 468). A statutory amendment, presumptively indicative of an intent to change the law, does not conclusively establish that the legislature intended such a change (*People v. Nunn* (1979), 77 Ill. 2d 243, 248), and the presumption that a change was intended may be " '*** overcome by more persuasive considerations' " (*Bruni v. Department of Registration & Education* (1974), 59 Ill. 2d 6, 12, quoting *Scribner v. Sachs* (1960), 18 Ill. 2d 400, 411). Applying these prin-

ciples to the present case, and being mindful of the medical community's perception of the coccyx, we do not believe that claimant's arguments are persuasive.

The coccyx is at the base of the spinal column and is generally defined as the last four, partly developed or rudimentary vertebrae. (See, *e.g.,* Blakiston's New Gould Medical Dictionary 265 (2d ed. 1956); 1 J. Schmidt, Attorney's Dictionary of Medicine and Word Finder C-157 (1980).) It has thus been described as the "rudimentary remnant of the mammalian tail and consists of three or four bones, the first of which carries rudimentary cornua and transverse processes." (1 Traumatic Medicine and Surgery for the Attorney 63 (1959).) Reference is also made to the coccyx in the definition of the word "vertebra" as being a type of vertebra. (Stedman's Medical Dictionary 1548 (23d ed. 1976).) Our examination of various respected medical authorities, however, indicates that there are pronounced, recognizable and qualitative differences between the coccyx and the predominant parts of the spinal column, the most significant of which appear to be the absence from the coccyx of spinous and costal (rib-related) processes, pedicles and laminae (Gray's Anatomy 97, 117 (29th ed. 1973)). It has thus been said that the coccyx differs from the cervical, thoracic and lumbar vertebrae both in form and in function, and it has been described as the "false or fixed vertebrae" as compared to the "true or movable vertebrae." (Gray's Anatomy 100 (29th ed. 1973); see also Stedman's Medical Dictionary 1548 (23d ed. 1976).) This distinction leads to the conclusion that the word "vertebra" referred to in section 8(d)(2) does not encompass the coccyx.

Prior to the amendment of section 8(d)(2), the legislature explicitly recognized this distinction by providing that a fracture or removal of the coccyx should not be considered an injury to vertebrae within the meaning of the Act. The deletion of this provision, however, does not

persuade us that the legislature thereby intended that a fracture or removal of the coccyx should now be considered as affecting vertebrae within the meaning of the Act. First, we presume that the legislature was cognizant of the nature of the coccyx and knew that the fracture or removal of the coccyx did not have the implications of a fracture or removal of other vertebrae. Second, we believe that the legislative history of section 8(d) belies claimant's liberal interpretation of the section's reference to "vertebra." *Shell Oil Co. v. Industrial Com.* (1954), 2 Ill. 2d 590, involved a claim for the fracture of a vertebra during a surgical procedure to correct a job-related injury involving a herniated disc. This court held that the fracture was compensable under the liberal interpretation that it felt should be afforded to section 8(d). The following year section 8(d) was amended to exclude the surgical removal of a part of a vertebra or fractured coccyx from the terms of that section (Ill. Rev. Stat. 1955, ch. 48, par. 138.8(d)), and we believe that this statutory amendment clearly indicated the legislature's intent to limit the type of liberal construction employed in *Shell Oil.* Having once expressed its disapproval of the court's liberal construction of this portion of the statute, we do not believe that the legislature intended that we again embark upon such a course. The 1975 amendments to the Workmen's Compensation Act, which deleted the language of section 8(d) specifically precluding application of that section to a fractured coccyx, was part of a substantial amendment of the compensation statute. (1975 Ill. Laws 224, 253-54.) Section 8(d), as amended, also deleted the statutory limitations within the definitions of the terms related to the "fracture *** of the body *** of one or more vertebrae" and "fracture *** of the skull." (1975 Ill. Laws 224, 253-54.) These deletions, however, do not indicate that a broader definition of those terms was intended than had previously existed.

54

In summary, we conclude that the statutory amendment upon which claimant relies is not clearly supportive of his position, and absent a definite contrary legislative modification, we hold that a fractured vertebra under section 8(d)(2) does not include a fractured coccyx. The presumption that a change was intended by the statutory amendment is, we believe, sufficiently rebutted here. The Commission therefore properly determined the extent of claimant's permanent disability without regard to the 60-week minimum required for fractured vertebrae.

Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*