THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, *v.* JESSE HILL *et al.*, Defendants—(Stanley L. Hill *et al.*, Petitioners-Appellants).

First District (5th Division)   No. 82—268

Opinion filed August 26, 1983.—Rehearing denied October 5, 1983.

Roosevelt Thomas, of Chicago, for appellants.

Donald D. Bernardi, State's Attorney, of Pontiac (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

The petitioners* are the court-appointed private counsel who successfully represented indigent defendants in the large-scale murder prosecution commonly known as the Pontiac Prison Riot Case, and

---

*Stanley L. Hill, David C. Thomas, Leo E. Holt, Marianne Jackson, Isaiah S. Gant, Randolph N. Stone, Lawrence E. Kennon, Akim Gursel, Jeffrey H. Haas, and Roosevelt Thomas.

they appeal, contending the trial court erred by failing to provide reasonable compensation for their services.

We affirm because the petitioners have failed to present a record which would permit us to adequately assess whether the trial court abused its discretion. Pertinent to our decision are the following facts:

On March 5, 1979, a grand jury in Livingston County indicted 17 inmates of the prison at Pontiac, Illinois, on charges of murder, attempted murder, aggravated battery, mob action, and conspiracy. The petitioners were appointed to represent the defendants, and venue was changed to Cook County.

The trial court entered an order on June 28, 1979, which provided that the petitioners would be compensated at the following rates:

> "$20 per hour for each hour expended on the case by an attorney while Court is not in session, plus $35 per hour expended on the case by an attorney while court is in session with a limit of $175 per day or $875 per week per attorney during the pretrial phase of the proceedings, and a limit of $250 per day or $1,250 per week per attorney during the trial phase of the proceedings. In the event the actual court time computed at the rate of $35 per hour shall for any attorney on any day exceed the applicable limit imposed, actual court time at the rate of $35 per hour shall be paid. Each Court appointed counsel shall in addition be reimbursed an amount not to exceed $500 for reasonable expenses incurred during the course of the proceedings for investigation, para-professional services and other expenses related to the case. Reimbursement for expenses in excess of the limits will not be made unless the Court has previously approved the expenditure of such payments."

When trial commenced on March 4, 1981, the court increased the compensation to $45 an hour for time spent trying the case, and $30 an hour for work outside the courtroom. The weekly maximum was raised to $1,500, but the court specified that in-court time which exceeded this limit would be compensated at the rate of $45 an hour.

All the defendants were acquitted of all charges after trial by jury, and the petitioners have appealed, contending the trial court's fee schedule failed to provide them with reasonable compensation for their services, and that the trial court abused its discretion in ruling on post-trial fee petitions.

The record on appeal contains more than 300 pages of written orders in which the trial court ruled on a large number of fee petitions. However, the record does not contain *any* of the petitions which these orders refer to.

OPINION

When an attorney seeks compensation for representing an indigent defendant in a criminal case, the attorney has the initial burden of "provid[ing] the trial judge with an application sufficiently detailed to allow an exercise of informed judicial discretion." (*United States v. Thompson* (D.D.C. 1973), 361 F. Supp. 879, 884, *aff'd in part, vac. in part sub nom. United States v. Boggins* (D.C. App. 1974), 489 F.2d 1273.) Such petitions must show how the attorney's time was spent, identifying the nature and purpose of the services for which compensation is sought. *United States v. Parker* (D.D.C. 1969), 298 F. Supp. 482; *United States v. Naples* (D.D.C. 1967), 266 F. Supp. 608, 609.

The Illinois Supreme Court has expressly acknowledged that when an attorney seeks an award of fees, failure to keep records of the amount of time expended and the nature of the services rendered "greatly increases the difficulty in determining a proper fee." (*Flynn v. Kucharski* (1974), 59 Ill. 2d 61, 67.) Therefore, as the supreme court recently pointed out, the purpose of requiring counsel to provide the trial court with such information is to "establish a basis upon which to determine compensation, as well as *provide a record in the event of review.*" (Emphasis added.) (*People v. Johnson* (1981), 87 Ill. 2d 98, 106.) Moreover, it is presumed that the trial court has not abused its discretion (*Anthony v. Gilbrath* (1947), 396 Ill. 125, 127), and an appellant has the burden of establishing that the trial court's decision was erroneous (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 241).

The record in the present case does not contain the petitions referred to in the trial court's orders, and there is nothing else in the record to establish either the amount of time allegedly expended or the nature of the services for which compensation was sought. The petitioners have therefore failed to meet their burden of presenting a record which would provide an adequate basis for assessing whether the trial court abused its discretion in ruling on their post-trial petitions.

The remaining question is whether the fee schedules established by the trial court failed to provide reasonable compensation.

The supreme court has held that "[t]he formula for reasonable compensation [of court-appointed private counsel in criminal cases] should be the hourly fee normally charged for comparable trial court services, less an amount adequate to satisfy the *pro bono* factor. In determining what constitutes a reasonable fee, the trial court must consider a number of factors, including, but not limited to, time spent and services rendered, the attorney's skill and experience, complexity

of the case, overhead costs, and expenses of trial." *People v. Johnson* (1981), 87 Ill. 2d 98, 105-06.

According to the petitioners, the fee schedules established by the trial court did not even compensate them for office overhead, although the supreme court has held that "[a] fee award which is insufficient to cover reasonable office overhead and expenses of trial is clearly unreasonable." (*People v. Johnson* (1981), 87 Ill. 2d 98, 105.) However, the record on appeal in the present case does not establish what the petitioners paid as office expenses.

Without citing to the record, petitioners' brief contains data concerning the office overhead paid by three of the petitioners. Nevertheless, careful review shows that this information is not included in the record which has been presented for review, and it cannot be considered. Similarly, this brief contains information about (a) the legal experience of several of the petitioners; (b) the number of pages of discovery material exchanged before trial; (c) the number of potential witnesses listed by the prosecution; and (d) the number of pretrial motions. Moreover, the failure to provide information about the nature and purpose of the various tasks performed by the individual petitioners "greatly increases the difficulty in determining a proper fee." *Flynn v. Kucharski* (1974), 59 Ill. 2d 61, 67.

Briefly stated, the record on appeal simply fails to provide an adequate basis for determining whether the trial court abused its discretion when it established the fee schedules in question.

We recognize this was a death penalty case, and it is not surprising that counsel became so preoccupied with zealously defending their clients' lives and liberty that they failed to "protect the record" on the issue of attorney fees. The petitioners are to be commended for having volunteered to assume the awesome responsibility of defending a capital case, but they have questioned the trial court's exercise of its discretion, and they are obligated to present a record which would enable us to determine whether this discretion has been abused. The petitioners have failed to meet this burden, and the judgment of the circuit court must be affirmed.

Affirmed.

SULLIVAN and MEJDA, JJ., concur.