JUSTICE HARTMAN
 

 delivered the opinion of the court:
 

 Defendants, George and Mario Maya, were charged with possession, delivery and possession with intent to deliver cocaine and methaqualone. They were tried and although convicted of possession with intent to deliver cocaine and methaqualone, judgment was entered only on the cocaine-related offense. Both defendants wilfully absented themselves from trial just prior to closing argument, and the court revoked their bail bonds. Mario’s $10,000 cash bond deposit was released by court order to the attorneys who had represented him and his brother, George, at trial based upon a purported oral agreement between defendants and their counsel, Kevin P. Bolger, Martin Schachter and Vincent Davino (defense trial counsel). A $3,000 attorney’s lien filed by attorney Joseph Ettinger, for services indirectly related to the instant trial, was ordered paid out of the proceeds of George’s $10,000 cash bond deposit, the balance being forfeited to the State. The State appeals from the circuit court’s disposition of these bail bond deposit proceeds.
 

 The issue presented is whether the circuit court erred in releasing Mario’s bond deposit to defense trial counsel and subjecting George’s bond deposit to the $3,000 attorney’s lien. For reasons which follow, we affirm in part, vacate in part and remand for further hearings.
 

 On the third day of trial, after both sides had rested and just before closing arguments were to be heard, defendants absented themselves from court. Counsel searched the building, but were unable to find them. The court then directed counsel to proceed with closing argument, which they did. On the State’s motion, the court thereafter revoked defendants’ bonds and issued warrants for their arrest. The circuit court declared George’s bond forfeited subject to Ettinger’s lien, without objection by the State. Mario’s bond was not declared forfeited, however, because defense trial counsel claimed this money as attorney fees. The State objected to this claim upon Mario’s bond because Mario was not present to sign the bond refund form. The court reserved consideration of awarding the proceeds as attorney fees because defendants’ disappearance “[had taken] everybody by surprise.”
 

 At the sentencing hearing, defense trial counsel advised the court that they had not seen or heard from their clients for two weeks since they had absented themselves from trial. The State revealed the FBI, the Drug Enforcement Administration and the Chicago police department were also unable to locate them. After hearing matters in aggravation and mitigation the circuit court sentenced each defendant to 12 years’ imprisonment, and continued warrants for their arrest.
 

 Ettinger and defense trial counsel again informed the court that an attorney’s lien had been filed against George’s bond and that defendants had agreed orally to pay them the proceeds of Mario’s cash bond as attorney fees. The State argued that the court should not award counsel the cash deposit absent some acknowledgment by defendants of the agreement. Thereafter, the court released Mario’s $10,000 cash deposit to defense trial counsel, but indicated that it would reconsider the award should defendants later contest it. The court again declared George’s bond deposit forfeited to the State, subject to the $3,000 attorney’s lien. The State’s subsequent motion to reconsider these rulings was denied.
 

 The State contends that section 110 — 7(h) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1981, ch. 38, par. 110 — 7(h)) is controlling, which provides, in part: “If the accused does not comply with the conditions of the bail bond the court *** shall enter an order declaring the bail to be forfeited. *** If the accused does not appear and surrender *** within 30 days *** of the forfeiture *** the court shall enter judgment for the State ***.” The State notes that the supreme court found similar language in an earlier version of the statute to be mandatory and left no room for the exercise of discretion by the trial court (People ex rel. Swanson v. Sullivan (1930), 339 Ill. 146, 152, 171 N.E. 122), and suggests that the same result obtained in People v. Nicholls (1977), 45 Ill. App. 3d 312, 359 N.E.2d 1095, aff’d in part, rev’d in part (1978), 71 Ill. 2d 166, 374 N.E.2d 194. Since the purpose of bail is to ensure a defendant’s presence at trial, not to create a fund from which costs and attorney fees may be satisfied, the State asserts that when bail money is used to satisfy such obligations the foregoing purpose is undermined and maintains that courts have been very careful to preserve such money inviolate, citing Gende v. Flemming (1977), 55 Ill. App. 3d 659, 371 N.E.2d 191, and A-1 Lithoplate, Inc. v. AFS Publishing Co. (1978), 66 Ill. App. 3d 560, 384 N.E.2d 395.
 

 Ettinger, after arguing that the State waived the issue of propriety of that portion of the court’s order concerning his lien by failing to object to it when the order was originally entered on February 19, 1982, insists that section 115 — 4.1(a) of the Code is controlling, rather than section 110 — 7(h). Section 115 — 4.1(a) provides that where a defendant refuses to appear for trial, the court may commence trial without him as long as he is represented by retained or appointed counsel. Section 115 — 4.1(a) goes on to provide that: “The court, at the conclusion of all proceedings, may order the clerk of the circuit court to pay counsel such sum as the court deems reasonable, from any bond monies *** posted by the defendant ***” which the court did in the instant case. To do otherwise, Ettinger asserts, would chill attorney-client relationships and discourage experienced attorneys from practicing criminal law.
 

 Defense trial counsel assert that Mario orally assigned his bond money to them in October 1981, in exchange for their services “before, during, and after trial,” and gave them his bond slip at that time. They maintain that his “long-standing acquiescence” in their retention of the bond slip lends additional credibility to their representations. They assert that assignments may be oral, citing Leslie E. Keeley Co. v. Hargreaves (1908), 236 Ill. 316, 86 N.E. 132, and that even if the purported assignment were to be found invalid, by accepting their services defendants impliedly promised to compensate them for their services, citing People v. Willey (1980), 85 Ill. App. 3d 749, 407 N.E.2d 1115, and People v. Brown (1982), 107 Ill. App. 3d 742, 438 N.E.2d 250. Finally, defense trial counsel contend that section 110 — 7(f) (Ill. Rev. Stat. 1981, ch. 38, par. 110 — 7(f)) authorizes such disbursement.
 

 A fair analysis of both sections 110 — 7(h) and 115 — 4.1(a) reveals that they each bear upon the circumstances presented in the instant case. When defendants wilfully absented themselves from trial and failed to appear and surrender themselves to the court within 30 days, their bond money was subject to forfeiture under section 110— 7(h). Section 115 — 4.1(a) authorizes the court “*** to pay counsel such sum as [it] deems reasonable, from any bond monies *** posted by the defendant ***” where a defendant fails to appear for trial or absents himself during trial. It was within the court’s power, therefore, to compensate Ettinger and defense trial counsel for their services from those monies prior to forfeiture where the circumstances qualify.
 

 The State attempts to reconcile the statutes by creating two different categories of “absent defendants”: those who never appear for trial and those who absent themselves after trial has commenced. The State suggests that the court may award fees to attorneys who represent defendants who fall into the first category but not the second. The distinction is justified, the State insists, because privately retained counsel presumably have been paid before the case comes to trial, whereas appointed counsel must look to defendant’s bond money for their compensation. This distinction is untenable. Neither cited authority nor logic supports such a dichotomy in compensation. Privately retained counsel may also rely upon defendant’s bond money for their compensation as much and as often as appointed counsel. Further, subsection (f) makes no such distinction; either may represent defendant at trial and both are entitled to compensation under this provision.
 

 Section 115 — 4.1(a) allows defendants to be tried in absentia and authorizes a court to compensate attorneys who represent those so tried from bond money, if reasonable. In construing a statute, effect must be given to the legislature’s intent considering the statute in its entirety, noting the subject it addresses and the legislature’s apparent objective in its enactment. (Gill v. Miller (1982), 94 Ill. 2d 52, 445 N.E.2d 330.) Whether a defendant has a retained or appointed counsel does not affect whether he will flee before or during the trial; nor should that circumstance affect compensation of either.
 

 Assuming, arguendo, that sections 110 — 7(h) and 115 — 4.1(a) were deemed irreconcilable, in our opinion section 115 — 4.1(a) would take precedence. When two statutes conflict, the more specific statute controls that which is more general. {Sierra Club v. Kenney (1981), 88 Ill. 2d 110, 429 N.E.2d 1214; Hofeld v. Nationwide Life Insurance Co. (1975), 59 Ill. 2d 522, 322 N.E.2d 454; People ex rel. Myers v. Pennsylvania R.R. Co. (1960), 19 Ill. 2d 122, 166 N.E.2d 86.) In the context of this case, section 115 — 4.1(a) is considerably more specific than section 110 — 7(h). For example, section 115 — 4.1(a) applies only to noncapital felonies; section 110 — 7(h) applies to all types of cases from murder to traffic tickets. Section 115 — 4.1(a) applies only to. a defendant’s absence at the time of trial; section 110 — 7(h) applies to a defendant’s failure to comply with any condition of the bond. Section 115 — 4.1(a) applies specifically to the payment of attorney fees in cases where a defendant is tried in absentia, the precise situation in the case at bar; section 110 — 7(h) makes no reference to a trial in absentia. In the present instance, therefore, section 115 — 4.1(a), being more specific than section 110 — 7(h), is controlling here.
 

 The State correctly argues that where two statutes conflict, the more recent is deemed to take precedence over the earlier {Johnson v. State Electoral Board (1972), 53 Ill. 2d 256, 290 N.E.2d 886; 2A Sutherland, Statutory Construction sec. 51.02 (4th ed. 1973)); however, contrary to the State’s claim, section 115 — 4.1(a) is the more recently enacted section, for purposes of the present case. That section became effective on September 26, 1979. Section 110 — 7(h) had not been amended since July 1, 1978, when the word “paragraph” was substituted for “subsection.” Subsection (a) of section 110 — 7 was amended effective July 1, 1982, but has no relevance to the instant case. Further, the amendment to subsection (a) does not render section 110— 7(h) more recent for purposes of this case because the amendment came after the trial court’s ruling on February 19, 1982. In any event, the fact that portions of the old subsection were repeated in the amending act is to be regarded as a construction of existing law rather than an enactment of new law on the subject. Apex Motor Fuel Co. v. Barrett (1960), 20 Ill. 2d 395,169 N.E.2d 769.
 

 Lastly, the State urges that even if this court regards section 115 — 4.1(a) to be controlling, the $10,000 attorney fee award was improper nevertheless because the circuit court failed to determine whether or not such fees were “reasonable.” We agree. In awarding fees, the court must consider factors including, but not limited to, the time spent and services rendered, the attorney’s skill and experience, the complexity of the case, trial costs, and overhead expenses. (People v. Johnson (1981), 87 Ill. 2d 98, 106, 429 N.E.2d 497; People v. Hill (1983), 117 Ill. App. 3d 778, 453 N.E.2d 1341.) Because these factors were not considered here, the attorney fee awards must be vacated and the cause remanded to the circuit court for hearing with regard to the foregoing factors.
 

 For the reasons aforestated, we affirm all but the amounts awarded for attorney fees; vacate the attorney fee awards; and remand for hearings as to their reasonableness.
 

 Affirmed in part; vacated in part; and remanded for further hearings.
 

 DOWNING, P.J., and STAMOS, J., concur.