THE DEPARTMENT OF REVENUE, Plaintiff-Appellant, v. THOMAS J. ANDERSON, d/b/a Anderson's Pharmacy, Defendant-Appellee.

Second District   Nos. 83—1144, 84—306 cons.

Opinion filed March 15, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Theodore J. Craig, Rosalyn B. Kaplan, and Patricia Rosen, Assistant Attorneys General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

This is a consolidation of two appeals filed by the Illinois Department of Revenue against the defendant, Thomas J. Anderson, d/b/a Anderson's Pharmacy, with the second action also naming the garnishees, Ronald E. and Karen K. Lippens. Both appeals arise from the same collection action.

On March 6, 1981, the Illinois Department of Revenue filed suit under section 2 of the Retailers' Occupational Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 441) and the Municipal Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 24, par. 8—11—1), as effected by the municipality of Dixon, for unpaid taxes, penalties and accrued interest through March 31, 1981, of $38,919.07. The suit also asked for additional interest from April 1, 1981, to the date of judgment at the rate of 1% per month ($236.33 monthly). The 1% per month interest rate was the statutory rate then in effect under section 5 of the Retailers' Occupational Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 444). Effective September 17, 1981, however, the statute was amended raising the rate to 2% per month.

The trial court entered judgment for the plaintiff on October 12, 1983. This judgment included interest from April 1, 1981, to October 11, 1983, figured at the rate of 1% per month. On November 10, 1983, the plaintiff filed a motion to modify the judgment asking that the interest from October 1, 1981, to October 11, 1983, be recalculated at the amended 2% rate. The court denied the plaintiff's motion on December 28, 1983, and the plaintiff filed this appeal on December 30, 1983.

■■ ■ We note initially that the appellee has filed no brief in this appeal; however, we believe the record and claimed errors are such that we can decide the merits without the aid of an appellee's brief. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.) Nor does the record of the proceedings or a *certified* affidavit in lieu of the transcript pursuant to Supreme Court Rule 323(c) (87 Ill. 2d R. 323(c)) appear in the record on appeal. However, since this issue involves a question of law, the absence of the transcript or its substitute does not bar this court's review. *Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 454.

■■ While the trial court did not state its reasons for denying the plaintiff's post-trial motion to modify, the record does indicate that the defendant objected to the motion on the basis that the plaintiff had not amended its complaint to request the increased interest and was therefore guilty of *laches* in asking for the increased interest after judgment had been entered. We disagree. It has been held that the fact that the complaint does not ask for interest is of no consequence since, where it is provided for by statute, it will be read into the complaint. (*Madison Park Bank v. Field* (1978), 64 Ill. App. 3d 838, 843.) The defendant is presumed to know the law or, in this case, the change in the law. (*Livingston v. Meyers* (1955), 6 Ill. 2d 325, 334.) Therefore, here, the fact that the plaintiff failed to amend its complaint to ask for the higher interest rate is of no consequence since the higher rate is provided for by statute.

The facts, as they relate to the second appeal, occurred after the original judgment was entered. On November 10, 1983, the plaintiff filed an affidavit of nonwage garnishment naming the Lippens as garnishees. Thereafter the Lippens filed answers to interrogatories admitting that they had a contract to purchase real estate from the defendant and his wife and that a payment of $16,140 was due on March 1, 1984. The plaintiff then filed a second affidavit for nonwage garnishment on February 22, 1984.

■■ ■ The garnishees filed a counterclaim for interpleader on February 27, 1984, stating that they were uncertain as to whom to make the March 1 payment, and the court ordered them to deposit the payment with the clerk of the court. On March 6, 1984, the court denied the plaintiff's request for a turnover order and ordered that the money deposited be delivered to the defendant. The court reasoned that since the defendant could not have asserted a claim under the contract until March 1, 1984, when the payment was due, there was no indebtedness when the garnishment proceedings were filed. The plaintiff argues that the court erred, as a matter of law, in deny-

ing its motion for a turnover order.

We need not decide this issue since it is moot under the September 12, 1984, stipulation between the plaintiff and defendant in which the defendant has assigned all future payments under the real estate contract with the garnishees to the IRS until the judgment is satisfied. While the Attorney General concedes that the issue is moot, he asks that we decide the issue since it is a matter of public interest capable of repetition. We do not believe, however, that this case is a proper exception to the mootness doctrine, particularly since we do not have the benefit of briefs and arguments in opposition to the Attorney General's position.

For the reasons stated above, judgment of the circuit court of Lee County is reversed and the cause is remanded for a recalculation of the interest to be awarded.

Reversed and remanded.

UNVERZAGT and LINDBERG, JJ., concur.