THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FERDINAND RIVERA, Defendant-Appellant.

Third District   Nos. 3—84—0634, 3—84—0635 cons.

Opinion filed July 17, 1985.

Robert Lucenti, of Chicago, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

This is a consolidated appeal arising from the defendant Rivera being charged by indictments for two separate offenses of unlawful delivery of a controlled substance. The real party in interest as appellant is a Mr. Lucenti, who as privately retained counsel represented the defendant and who questions the trial court's disposition of bond money posted by his client.

The defendant Rivera retained attorney Lucenti to represent him in defense of alleged narcotic violations. The defendant Rivera and Lucenti agreed, as evidenced by defendant's notarized signature on the cash bond refund receipt, that costs and attorney fees would be partially satisfied by Rivera's $4,000 or 10% cash bail security deposit. Lucenti represented Rivera from October 7, 1983, to June 18, 1984. On the latter date, one of Rivera's violations was set for trial before the circuit court of Will County. Rivera failed to appear for trial, and, upon motion by the State, his bond was ordered forfeited. Rivera was not tried *in absentia*. Lucenti filed an attorney lien and motion to have the bond deposit applied to the payment of his unpaid attorney fees and costs incurred which resulted from his representa-

tion of Rivera. The trial court denied Lucenti's motion and entered judgment on the bond deposit in favor of the State. It is from this ruling that Lucenti appeals.

The appellant raises several issues for determination; however, expressing them in the most simplistic manner, this court is confronted with the question of whether the trial court was correct in entering judgment for the people on Rivera's bond forfeiture and thereafter denying attorney Lucenti's motion for payment of fees from the bond deposit.

Lucenti in support of his assertion relies on the case of *People v. Maya* (1983), 119 Ill. App. 3d 961, 457 N.E.2d 501, as well as sections 110—7(h) and 115—4.1(a) of our Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, pars. 110—7(h), 115—4.1(a)). The case of *Maya* is pertinent in that it addresses the issue of defense attorneys being compensated for their services from a defendant's bail bond deposit. In *Maya* the reviewing court held it proper for defense counsel to receive compensation for services rendered prior to the forfeiture of the bail bond deposit. The reviewing court reached this determination by relying on section 115—4.1(a) of the Code of Criminal Procedure of 1963 and after concluding that this statutory provision took precedence over section 110—7(h) of the Code of Criminal Procedure of 1963.

We quarrel not with the decision in *Maya*: however, we do conclude that Lucenti's reliance on the case is not well taken. Section 115—4.1(a), as to its portion pertinent to this appeal, reads as follows:

"When a defendant after arraignment ***, fails to appear for trial, *** the court may commence trial in the absence of the defendant. *** The absent defendant must be represented by retained or appointed counsel. The court, at the conclusion of all of the proceedings, may order the clerk of the circuit court to pay counsel such sum as the court deems reasonable, from any bond monies which were posted by the defendant with the clerk, after the clerk has first deducted all court costs. *** All procedural rights guaranteed by the United States Constitution, Constitution of the State of Illinois, statutes of the State of Illinois, and rules of court shall apply to the proceedings the same as if the defendant were present in court and had not either forfeited his bail bond or escaped from custody." Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1(a).

Careful consideration of the above statutory provision indicates that the payment of compensation to an attorney from a bail bond deposit is not triggered unless the defendant is tried *in absentia*. In

*Maya,* on the third day of trial the defendants absented themselves and did not return. The trial court proceeded with the trial *in absentia* and the defendants were found guilty. In the instant case the defendant Rivera did not appear for trial and was never tried *in absentia,* and, hence, the case of *Maya* and the statutory provisions relied upon by Lucenti are of no assistance to him in his quest for compensation.

As an aside, it should be noted that it is well established that the primary legislative intent in enacting section 115—4.1(a) (Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1(a)) was not to provide for payment of attorney fees but to prevent criminal defendants from evading trial by voluntarily absenting themselves from the court proceedings of a trial. *People v. Stanley* (1983), 116 Ill. App. 3d 532, 452 N.E.2d 105; *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590.

Lucenti made a number of court appearances for the defendant Rivera prior to the time the latter absented himself. This court derives no pleasure in denying counsel compensation, but on the contrary does so ruefully but necessarily. We have been presented no mechanism, precedential or statutory, which permits any other result.

For the reasons set forth the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.