SHEILA BYRNE, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (4th Division)   No. 1—89—0967

Opinion filed May 2, 1991.—Rehearing denied August 13, 1991.

Vincent J. Samar, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Nina Puglia, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This matter comes before this court on appeal from the circuit court of Cook County. Plaintiff, Sheila Byrne, brought an action in the circuit court of Cook County to recover damages from defendant, the City of Chicago, occasioned by defendant's tow and subsequent destruction of plaintiff's automobile and its contents. After a jury trial, the trial judge directed a verdict in favor of defendant. Plaintiff prays for a reversal of the motion court's decision.

On appeal, the following issues are presented for review: (1) whether plaintiff has provided an adequate record for this court to review the instant case; (2) whether the motion court erred when it granted defendant's motion to dismiss the second count of plaintiff's second amended complaint which alleged violations of sections 4—205 and 4—209 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209); and (3) whether the motion court erred when it granted defendant's motion to dismiss the portion of the third count of plaintiff's second amended complaint which alleged negligence in the performance of duties required by the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 1—101 et seq.), and which plaintiff alleges was not subject to sections 2—106, 2—107, 2—109, 2—202, and 2—210 of the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter Tort Immunity Act) (Ill. Rev. Stat. 1989, ch. 85, pars. 2—106, 2—107, 2—109, 2—202, 2—210).

We affirm.

BACKGROUND

Plaintiff was the owner of a 1980, four-door, burgundy and cream-colored Chevrolet Chevette (hereinafter automobile or vehicle). Plaintiff's mother, Ms. Barbara Byrne, was the original owner of the vehicle; she subsequently transferred title in the automobile to plaintiff. At the time of the transfer of title, Barbara Byrne obtained a $3,000 lien on the automobile. At the time of the accident, the vehicle's certificate of title showed that Sheila Byrne was the owner of the vehicle, and that her mother was the lienholder. When the automobile was purchased, plaintiff resided with her mother. However, at the time this incident occurred, she no longer resided with her mother, and she failed to update her address on the certificate of title.

On February 11, 1988, at approximately 8:30 p.m., plaintiff parked her automobile on the south side of Hawthorne Street in Chicago, Illinois. The parked car was located in front of snowbanks and approximately 56 feet from the intersection of Hawthorne Street and North Lake Shore Drive. Plaintiff's automobile was towed from this location by defendant, its employees, or its agents sometime after 9 p.m., and before 7:30 a.m. the next day. Thereafter and until the time of its destruction, plaintiff's automobile was held by defendant, its employees, or its agents at automobile pound No. 6. Plaintiff called pound No. 6 and was told that she would have to pay $50 in order to retrieve her vehicle, in addition to $5 for each subsequent day that the vehicle remained in the pound. Defendant or its agents refused to return the vehicle despite plaintiff's numerous demands and requests that they do so.

The contents of the vehicle included several books, a leather briefcase, an antique doll, a leather portfolio, original copies of several unpublished training manuals written by plaintiff, plaintiff's business records, and various personal items, all of which were seized and detained by defendant, its employees, or its agents. Plaintiff alleged that these items were worth at least $4,915. Defendant, its employees, or its agents refused to return these items unless plaintiff paid the $50 fee (and any amount due for the additional days which the vehicle remained in the pound) despite plaintiff's demands and requests.

On February 15, 1988, defendant mailed a towing notice to Barbara Byrne's residence. The notice stated that plaintiff's vehicle was located at pound No. 6 and would cost approximately $50 to retrieve. The notice also stated that the automobile would be disposed of in 15 days if plaintiff failed to retrieve it. Plaintiff claimed that she had no knowledge of the notice which her mother received.

Plaintiff continued to call the pound to inquire about her automobile, but she never inquired about whether it would be destroyed. Plaintiff alleges that during a telephone conversation with a police officer, the officer endorsed her effort to recover the vehicle without "putting out $50." Plaintiff alleged that the officer urged her to wait for a court date. In addition, plaintiff stated in her deposition that she had no means of getting to the pound.

On or before March 7, 1988, plaintiff's automobile and all of its contents were transferred from pound No. 6 to Pielot Brothers Scrap and Iron, in Summit, Illinois, where the automobile, along with all of its contents, was destroyed by "shredding."

On May 31, 1988, plaintiff filed a three-count complaint against defendant for conversion, statutory violations, and negligence. Plain-

tiff alleged that defendant negligently performed the following acts which it was required to perform by law:

"k) Failed to provide the plaintiff with adequate means by which to secure return of her automobile;

l) Failed to make an adequate investigation of the records of the Secretary of State or any other relevant public agency in order to determine the plaintiff's correct address for purposes of sending out notice of the tow, storage and potential destruction of plaintiff's automobile;

m) Failed to mail any notice that the plaintiff's automobile had been towed, stored, or would be destroyed to plaintiff's correct address, despite the fact that the plaintiff had prior to the date of the tow updated her registration and license to reflect her new address with the Secretary of State;

n) Failed to make an adequate investigation of the records of the Secretary of State in order to determine that there was a registered lien on the automobile;

o) Failed to send out any notice to the registered lienholder of the tow, storage or potential destruction of the vehicle;

p) Failed to give the plaintiff adequate notice that the automobile would be destroyed;

q) Failed to give the plaintiff adequate notice of what actions she could take to prevent her automobile from being destroyed; [and]

r) Failed to make available to the plaintiff an adequate means to insure that she would be able to obtain a hearing to determine the legality of the tow."

In count III of the complaint, plaintiff alleged that defendant performed the following acts of negligence:

"b) Allowed itself or one of its employees or agents to tow plaintiff's automobile from the place where it was legally parked;

c) Allowed itself or its employees or agents to seize possession of plaintiff's automobile despite the fact that it knew or should have known that it had no legal right to seize the vehicle;

\* \* \*

g) Allowed its employees and agents to continue to hold possession of the automobile after it was towed despite the fact that it knew or should have known that it had no legal right to hold possession of the vehicle;

h) Failed to protect the plaintiff's automobile and its contents from being illegally transferred from Pound No. 6 to PIELOT Brothers Scrap and Iron in Summit, Illinois;

i) Failed to protect automobile from being shredded and destroyed at PIELOT Brothers Scrap and Iron; [and]

j) Failed to protect the contents of plaintiff's automobile from being shredded and destroyed at PIELOT Brothers Scrap and Iron ***."

On May 31, 1988, plaintiff also filed a motion for a default judgment that was deemed moot and a motion for summary judgment that the trial court denied.

On December 2, 1988, plaintiff filed her second amended complaint. The second amended complaint contained the original three counts for conversion, statutory violations, and negligence, in addition to a claim based upon willful and wanton misconduct, and a claim of the violation of due process pursuant to the Public Health and Welfare Act (42 U.S.C. §1983 (1989)). The aforementioned claims constituted counts I through V, respectively.

On January 9, 1989, defendant filed a motion to dismiss all claims except for the conversion claim, or count II. Defendant argued that count II should be dismissed because sections 4—205 and 4—209 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209) did not give rise to a private right of action against defendant, and, even if there were a private right of action, defendant was immune to prosecution pursuant to the Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*).

On January 25, 1989, plaintiff filed her response to defendant's motion. Plaintiff specifically refuted defendant's contentions regarding counts II and III of the second amended complaint. In particular, plaintiff argued that sections 4—205 and 4—209 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209) gave rise to a private right of action and that defendant was not immune from prosecution. Plaintiff also argued that the Tort Immunity Act did not apply to the taking of possession and towing of vehicles, the supervision of employees, or to the fate of the automobile after it was brought to the pound.

On February 8, 1989, the court dismissed counts II, III, and V for statutory violations, negligence and due process. Plaintiff was also given leave to file a third amended complaint.

On February 14, 1989, plaintiff filed her third amended complaint. The third amended complaint contained the two remaining common law counts for conversion and willful and wanton misconduct.

On February 15, 1989, plaintiff sought leave to file a fourth amended complaint limited to the same two counts contained in the third amended complaint. This request was allowed, and the case was tried. After a jury trial, the court directed a verdict in favor of defendant.

OPINION

I

First, defendant alleges that plaintiff has failed to provide a record sufficient for this court to review the instant case. Defendant maintains that although a hearing was held before the trial court on the sufficiency of counts II and III, plaintiff failed to provide transcripts of oral arguments or the court's ruling, and the written order itself does not supply the court's reason for dismissing plaintiff's negligence claim.

■■ "[The] failure to present a report of proceedings does not require automatic dismissal or affirmance where issues can be resolved on the record as it stands." (*Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 90.) In addition, where the "issue involves a question of law, the absence of the [record of proceedings] or its substitute does not bar this court's review." (*Department of Revenue v. Anderson* (1985), 131 Ill. App. 3d 486, 488.) At the hearing on defendant's motion to dismiss, only questions of law were considered, none of fact. The issues had been fully briefed prior to that oral argument and are a part of this record. No witnesses testified, nor was any evidence considered. It is only out of the issues raised and fully briefed at the motion court hearing that this appeal is taken. Therefore, we will not dismiss this appeal for failure to file a report of proceedings. We find that the record is sufficient for us to review the instant case.

II

Next, plaintiff alleges that the motion court erred when it granted defendant's motion to dismiss the second count of plaintiff's second amended complaint, which alleged that defendant violated sections 4—205 and 4—209 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209), by making an inadequate investigation of the Secretary of State's records to determine the owner and lienholder of plaintiff's car, and by failing to properly notify the owner and lienholder. Plaintiff maintains that these sections of the statute were violated because defendant failed to give proper notice pursuant to sec-

tions 4—205 and 4—209 of the Vehicle Code. Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209.

Defendant maintains that the motion court properly dismissed the claims for statutory violations because plaintiff failed to state a cause of action, and, even if there were a cause of action, defendant is immune from tort liability pursuant to the Tort Immunity Act.

Plaintiff counterargues that her claim is not subject to the Tort Immunity Act for the following reasons: (1) sections 4—205 and 4—209 waive any immunity defendant had under the Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209); and (2) sections 4—205 and 4—209 (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209) cannot be limited by provisions of the Tort Immunity Act since they are both more specific and were enacted subsequent to the Tort Immunity Act.

■ Section 4—205 of the Vehicle Code provides as follows:

"Record Searches. (a) When a law enforcement agency authorizing the impounding of a vehicle does not know the identity of the registered owner, lienholder or other legally entitled person, that law enforcement agency will cause the vehicle registration records of the State of Illinois to be searched by the Secretary of State for the purpose of obtaining the required ownership information.

(b) The law enforcement agency authorizing the impounding of a vehicle will cause the stolen motor vehicle files of the State Police to be searched by a directed communication to the State Police for stolen or wanted information on the vehicle. When the State Police files are searched with negative results, the information contained in the National Crime Information Center (NCIC) files will be searched by the State Police. The information determined from these record searches will be returned to the requesting law enforcement agency for that agency's use in sending notification by certified mail to the registered owner, lienholder and other legally entitled persons advising where the vehicle is held, requesting a disposition be made and setting forth public sale information. Notification shall be sent no later than 10 days after the date the law enforcement agency impounds or authorizes the impounding of a vehicle, provided that if the law enforcement agency is unable to determine the identity of the registered owner, lienholder or other person legally entitled to ownership of the impounded vehicle within a 10 day period after impoundment, then notification shall be sent no later than 2 days after the date the identity of the registered

owner, lienholder or other person legally entitled to ownership of the impounded vehicle is determined. Exceptions to a notification by certified mail to the registered owner, lienholder and other legally entitled persons are set forth in Section 4—209 of this Code." Ill. Rev. Stat. 1989, ch. 95½, par. 4—205.

In addition, section 4—209 of the Vehicle Code makes the following relevant provisions:

"Disposal of unclaimed vehicles without notice. (a) When the identity of the registered owner, lienholder and other person legally entitled to the possession of an abandoned, lost, or unclaimed vehicle of 7 years of age or newer cannot be determined by any means provided for in this Chapter, the vehicle may be sold as provided in Section 4—208 without notice to any person whose identity cannot be determined.

(b) When an abandoned vehicle of more than 7 years of age is impounded as specified by this Chapter, it will be kept in custody for a minimum of 10 days for the purpose of determining the identity of the registered owner and lienholder and contracting [sic] the registered owner and lienholder by the U.S. Mail, public service or in person for a determination of disposition; and, an examination of the State Police stolen vehicle files for theft and wanted information. At the expiration of the 10 day period, without the benefit of disposition information being received from the registered owner or the lienholder, the law enforcement agency having jurisdiction will authorize the disposal of the vehicle as junk." Ill. Rev. Stat. 1989, ch. 95½, par. 4—209.

■ We will now turn our attention to the common law. A motion to dismiss should only be granted when "it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187; see also *Willard v. Northwest National Bank* (1985), 137 Ill. App. 3d 255, 260-61.

■ ■ In determining whether a statutory violation gives an injured party a private right of action, "the crucial question is whether it was intended that [the plaintiff] should come within the scope of the protection afforded by the statute or ordinance." (*Dini v. Naiditch* (1960), 20 Ill. 2d 406, 418.) "It is a primary rule of statutory construction that the intention of the legislature should be ascertained and given effect. In so doing, courts look first to the terms of the statute. [Citations.] The statutory language itself is the best indication of the intent of the drafters." (*People v. Robinson* (1982), 89 Ill. 2d 469,

475.) Statutory language should be construed pursuant to its plain, ordinary meaning. (*Potts v. Industrial Comm'n* (1980), 83 Ill. 2d 48, 51.) Where statutory intent may be ascertained from the language of the statute, it must be given effect, and the court should not resort to any other means of construction. *Robinson*, 89 Ill. 2d at 475-76.

Plaintiff maintains that it is clear from the language of sections 4—205 and 4—209 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209) that these laws create a private right of action because both of the provisions are geared toward protecting the rights of automobile owners and lienholders who have had their vehicles impounded, and because these provisions evidence a legislative intent to protect the specific individuals who are likely to be injured by a statutory violation. In addition, plaintiff maintains that section 4—213 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 4—213) evidences a legislative intent to create a private right of action. Section 4—213 makes the following provision:

"Liability. A law enforcement officer or agency, a towing service owner, operator or employee shall not be held to answer or be liable for damages in any action brought by the registered owner, former registered owner, or his legal representative, lienholder or any other person legally entitled to the possession of a vehicle when the vehicle was processed and sold or disposed of as provided by this Chapter." Ill. Rev. Stat. 1989, ch. 95½, par. 4—213.

■ We find that sections 4—205, 4—209 and 4—213 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209, 4—213) do not create a private right of action. This is evident in the plain meaning of these provisions. There is no indication that the legislature intended for plaintiff to come within the scope of the protection afforded by these laws.

Plaintiff further maintains that defendant may not invoke the Tort Immunity Act to bar plaintiff's claims under the Vehicle Code. Plaintiff relies upon article 13, section 4, of the Illinois Constitution (Ill. Const. 1970, art. XIII, §4), and *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 11.

■ Article XIII, section 4, of the Illinois Constitution makes the following provision: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, §4.) Plaintiff maintains that the aforementioned constitutional provision manifests legislative disapproval of sovereign immunity. Plaintiff goes on to state that cases decided subsequent to the adoption of the constitution have strictly construed this provision

against local public entities and manifest judicial disapproval of sovereign immunity. Plaintiff cites *Williams v. Board of Education of Clinton Community Unit School District No. 15* (1977), 52 Ill. App. 3d 328, in support of this assertion.

■ Section 2—202 of the Tort Immunity Act provides as follows:
"§2—202. A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." (Ill. Rev. Stat. 1989, ch. 85, par. 2—202.)
This provision indicates that a municipality would not be liable for the negligent acts of its employees in the execution or enforcement of any law.

■ In *Williams*, this court found that "governmental immunities have become the exception rather than the rule. Unless the defendant can demonstrate an applicable immunity under the statute, there is no immunity." (*Williams v. Board of Education of Clinton Community Unit School District No. 15* (1977), 52 Ill. App. 3d 328, 336.) In the instant case, defendant has demonstrated an applicable immunity under the Vehicle Code.

■ Next, plaintiff asserts that the Tort Immunity Act is not applicable because the statute was designed to protect property. In addition, plaintiff argues that her claims based upon sections 4—205 and 4—209 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209), may not be limited by provisions of the Tort Immunity Act because they were enacted before the Tort Immunity Act, and they are more specific than the Tort Immunity Act.

Plaintiff relies upon *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, in support of her contention that the Tort Immunity Act does not apply because it was designed to protect property. We find that *First National Bank* is distinguishable from the instant case because *First National Bank* concerned a plaintiff's right to amend a complaint after the entry of a judgment, and the sufficiency of certain pleadings. *First National Bank*, 71 Ill. 2d at 8.

Plaintiff also relies upon *People v. Maya* (1983), 119 Ill. App. 3d 961, in support of her assertion that the Tort Immunity Act does not apply to her claim alleging violations of the Vehicle Code because the relevant provisions of the Vehicle Code were enacted after, and are more specific than, the Tort Immunity Act. Plaintiff correctly states that "[w]here two statutes conflict, the more specific statute controls that which is more general." (*Maya*, 119 Ill. App. 3d at 965.) In addition, plaintiff has correctly noted that "where two statutes conflict, the more recent is deemed to take precedence over the earlier."

(*Maya*, 119 Ill. App. 3d at 965.) However, sections 4—205 and 4—209 of the Vehicle Code do not contradict the Tort Immunity Act. Therefore, there is no reason to bar defendant from invoking the Tort Immunity Act.

██ Finally, defendant should prevail because the record indicates that defendant made an adequate investigation of the Secretary of State's records to determine the owner and lienholder of plaintiff's car, and properly notified the owner, who according to the certificate of title resided at the address where the notice was mailed. Plaintiff was given proper notice. Notice was mailed to the address listed as plaintiff's address upon her certificate of title. Plaintiff failed to change her address on the certificate of title. Therefore, notice was mailed to plaintiff at her mother's address. In addition, plaintiff's mother, Barbara Byrne, who was the lienholder on the vehicle, was given notice at the address listed upon the certificate of title. Moreover, those allegations directly involve the enforcement and execution of the laws, and, thus, defendant may not be held liable for negligence with respect to these claims. *Emulsicoat, Inc. v. City of Hoopeston* (1981), 99 Ill. App. 3d 835, 839-41.

The motion court properly granted defendant's motion to dismiss because plaintiff failed to state a cause of action. "[I]t clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187; see also *Willard v. Northwest National Bank* (1985), 137 Ill. App. 3d 255, 260-61.) Defendant was protected by the Tort Immunity Act. Therefore, plaintiff would not have been entitled to recover. Accordingly, we find that the motion court did not err when it granted defendant's motion to dismiss the claims which alleged that it violated sections 4—205 and 4—209 of the Vehicle Code. Ill. Rev. Stat. 1989, ch. 95½, pars. 4—205, 4—209.

## III

Plaintiff's third allegation is that the motion court erred when it granted defendant's motion to dismiss the portion of the third count of plaintiff's second amended complaint which alleged negligence which was not subject to sections 2—106, 2—107, 2—109, 2—202, and 2—210 of the Tort Immunity Act. Ill. Rev. Stat. 1989, ch. 85, pars. 2—106, 2—107, 2—109, 2—202, 2—210.

Plaintiff maintains that the Tort Immunity Act does not apply to her negligence allegations because (1) the alleged negligent acts constituted a proprietary function; (2) defendant did not undertake the acts in question in the course of the execution or enforcement of a

law; (3) defendant owed a special duty to plaintiff; and (4) defendant was required by statute to perform the obligations alleged to have been negligent.

Defendant maintains that the motion court properly dismissed plaintiff's complaint for negligence because it failed to state a cause of action pursuant to sections 2—109 and 2—202 of the Tort Immunity Act. Ill. Rev. Stat. 1989, ch. 85, pars. 2—109, 2—202.

■■■ The purpose of the Tort Immunity Act "is to protect local public entities and public employees from liability arising from the operation of government." (Ill. Rev. Stat. 1989, ch. 85, par. 1—101.1(a)) Moreover, any immunity or defense available to private persons is also available to local municipalities and their employees. Ill. Rev. Stat. 1989, ch. 85, par. 1—101.1(b).

The Tort Immunity Act makes the following provisions:

"§2—106. A local public entity is not liable for any injury caused by an oral promise or misrepresentation of its employee, whether or not such promise or misrepresentation is negligent or intentional.

§2—107. A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, in a book or other form of library material.
* * *
§2—109. A local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.
* * *
§2—202. A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.
* * *
§2—210. A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, in a book or other form of library material." Ill. Rev. Stat. 1989, ch. 85, pars. 2—106 through 2—210.

We find that pursuant to the Tort Immunity Act, defendant would only be liable for willful and wanton misconduct of its employees enforcing the law, while defendant would not be liable for its employees' negligence. (Ill. Rev. Stat. 1989, ch. 85, pars. 2—109, 2—202.) Therefore, the trial court properly dismissed plaintiff's count III for negligence.

We are not persuaded by plaintiff's arguments. First, plaintiff argues that defendant was not acting in a governmental capacity, because the alleged negligent acts constituted a proprietary function and were thus unprotected by the Tort Immunity Act. Plaintiff relies upon *Bedtke v. City of Chicago* (1926), 240 Ill. App. 493, and *Peterson v. City of Gibson* (1944), 322 Ill. App. 97. These cases are distinguishable from the case at bar because in both cases the courts held that burning debris constituted a proprietary function. However, maintenance of the public streets and the execution of the law constitute governmental functions. Therefore, we find that defendant acted in a governmental capacity when it towed plaintiff's car from a snow-filled public thoroughfare. Moreover, *Bedtke* and *Peterson* are old cases which were decided prior to the Tort Immunity Act, which mandates that municipalities including defendant are immune from liability for negligent enforcement of the law.

Second, plaintiff argues that the Tort Immunity Act is not applicable in the instant case because defendant did not undertake the acts in question in the course of the execution or enforcement of a law. Specifically, plaintiff identifies the allegations that defendant towed, seized, transferred and "shredded" her automobile as being beyond the scope of the Tort Immunity Act. However, these allegations constitute claims of negligence in enforcing and executing the law with respect to the towing, detaining, and destruction of automobiles. (See Ill. Rev. Stat. 1989, ch. 95½, par. 4—201 *et seq.*) We stated above that the Tort Immunity Act immunizes municipalities from liability for the negligent enforcement of the law.

Third, plaintiff maintains that defendant owed plaintiff a special duty which would neutralize the Tort Immunity Act and recover against defendant for negligence. The following four requirements must be met in order for a claimant to invoke the special duty exception: "(1) [T]he municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or willful in nature; and (4) the injury must occur while plaintiff is under the direct and immediate control of employees or agents of the municipality." (*Jackson v. Chicago Firefighters Union Local No. 2* (1987), 160 Ill. App. 3d 975, 980.) Plaintiff may not invoke the special duty exception because plaintiff failed to allege that she was under the immediate or direct control of defendant, its employees, or its agents.

Fourth, plaintiff maintains that the Tort Immunity Act does not apply because defendant was required by statute to perform obliga-

tions for which it is alleged to have executed in a negligent fashion. The Tort Immunity Act immunizes municipalities from liability for the negligent enforcement of the law. Therefore, defendant may not be held liable pursuant to this theory.

■■■ Again we find that the motion court properly granted defendant's motion to dismiss because "it clearly appears that no set of facts can be proved which [would] entitle plaintiff[ ] to recover." (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187; see *Willard v. Northwest National Bank* (1985), 137 Ill. App. 3d 255, 260-61.) Plaintiff's claims were barred by the Tort Immunity Act. Therefore, plaintiff would not have been entitled to recover under any circumstances.

For the aforementioned reasons, we affirm the finding of the trial court.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.