462

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ZLAGER L. GARDNER, Defendant-Appellant.

First District (1st Division)    No. 77-1484

Opinion filed January 29, 1979.

James J. Doherty, Public Defender, of Chicago (Anthony F. Rusnak and Timothy P. O'Neill, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and David C. Dillon, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a bench trial, defendant Zlager Gardner was convicted of the

robbery of Howard Alexander and sentenced to a term of one to three years imprisonment. On appeal he argues that he was not proved guilty beyond a reasonable doubt.

We affirm.

The victim, Howard Alexander, testified that he and his girl friend drove to the Eagle Liquor Store at approximately 10 p.m. on the evening of May 5, 1976. As he returned to his auto after purchasing a six-pack of beer, a stranger seated in a tan automobile asked him if he wanted to buy five cases of Coor's beer for $10 a case. Seated in the auto were three men, including defendant Gardner, who was driving.

When Alexander accepted the offer, the men instructed him to accompany them. Alexander then entered the auto and rode with the men to Larry Wade's apartment at 1108 Wentworth, Chicago Heights. In the meantime, Alexander's girl friend, Miss Bartolini, remained in his auto at the liquor store. She wrote down the license number of defendant's auto as the group departed.

The group arrived at Wade's apartment at 10:20 p.m. According to Alexander, everyone got out of the auto and walked into the entrance of the apartment building. They were greeted by a man who told Alexander that the beer was now $15 a case. Alexander testified that when he refused this offer, the group gathered around him and told him to "Give the money up." When he refused, the group knocked him to the ground and beat him. The defendant then reached into Alexander's front, right pocket and pulled out $120 in cash. As the assailants fled, Alexander ran out of the building and unsuccessfully attempted to get their license number. Several people came out of another building and one of them drove Alexander back to the liquor store.

Miss Bartolini testified that when Alexander returned to the liquor store his face appeared bruised. The couple then drove to Miss Bartolini's apartment and summoned the police.

During the trial, defendant gave a different account of the facts. He testified that Mr. Alexander originally approached him at the liquor store and inquired about purchasing marijuana. Defendant stated that he did not have any but knew where some could be purchased. At this point Alexander offered to ride with the three men.

When the group arrived at Wade's apartment defendant allegedly broke from the group and went across the street to visit his girl friend, Miss Phylisstine Greene. He testified that he spoke with her for 10 minutes about resuming their relationship. During the trial, Miss Greene took the stand and corroborated this point. Defendant stated that when he returned to his auto, he did not see Alexander. The three men then drove away, during which time defendant's friends admitted robbing Alexander.

During the trial, Mrs. Ora Lee Gardner, defendant's mother, testified that on the day of the bond hearing, she was visited at her home by Alexander. She stated that she was standing on her front porch with Phylisstine Greene. Mr. Alexander approached and allegedly stated that if his money was returned, he would "forget about everything against him [defendant] because he didn't do it."

Doretha Gardner also testified. She stated that she was present when Alexander made his offer to withdraw the charges against defendant and further, that defendant was not involved. She also stated that at no time was defendant present during this conversation with Alexander.

Phylisstine Greene testified to a different account. She stated that she was in Mrs. Gardner's living room when Alexander arrived. Alexander was looking for the defendant and was told that he would return in a few minutes. When defendant returned, Alexander told him that the charges would be withdrawn if the money were returned. When defendant refused, Alexander departed.

During the trial, Alexander denied going to Mrs. Gardner's home on the day of the bond hearing, but admitted going there on a previous occasion. He admitted offering to withdraw the charges if the money were returned, but denied ever stating that the defendant was not involved.

At the conclusion of the trial, the defendant was convicted of robbery and sentenced to serve from one to three years in the penitentiary. He appeals.

On appeal, defendant argues that he was not proved guilty beyond a reasonable doubt. He cites primarily the complainant's vague description of the three assailants and defendant's substantially unrefuted alibi as to his whereabouts when the robbery occurred.

It is true that Alexander's description of defendant and the other assailants was not as detailed as it could have been. When he met the police at Miss Bartolini's apartment, he gave only a description of the auto. At trial, he was unable to describe the clothing of any of the assailants. His description of the defendant was only that he was 5'8" tall, weighed 150 lbs, and wore a mustache.

■■ Despite these deficiencies, we believe there remained sufficient evidence to identify defendant as the man who took the money from Alexander's pocket. First, there was ample opportunity for observing the defendant. Alexander spoke with him at the liquor store, rode with him in defendant's auto and was in defendant's company up until the attack. Second, at trial, Alexander unequivocally identified defendant as the man who robbed him. Third, Alexander's identification of defendant was corroborated by Miss Bartolini who testified that she saw Alexander

talking with defendant at the liquor store. She also saw Alexander leave with him and also wrote down the license number of defendant's auto. Under Illinois law, the identification must be so convincing that there is no reasonable doubt as to the perpetrator of the offense. (*People v. Reed* (1968), 103 Ill. App. 2d 342, 243 N.E.2d 628.) This requirement has been met here.

Defendant next argues that his alibi, particularly when coupled with the testimony of Ora Lee and Doretha Gardner that the complainant stated that defendant was not involved in the robbery, created a reasonable doubt as to his guilt. Defendant cites *People v. Gardner* (1966), 35 Ill. 2d 564, 221 N.E.2d 232, for the proposition that a conviction cannot stand where a review of the entire record indicates that a reasonable doubt exists.

■ A trial judge's conclusions about the credibility of witnesses are entitled to great weight and only if the evidence is so unsatisfactory as to raise a serious doubt as to the defendant's guilt, will the conviction be reversed. (*People v. Dawson* (1961), 22 Ill. 2d 260, 174 N.E.2d 817.) The testimony given by Mrs. Gardner, Miss Greene and Doretha Gardner concerning Alexander's alleged admission that defendant was not involved in the robbery, contained sufficient contradictions for the trial judge to disbelieve the witnesses. Miss Greene testified that when Alexander approached the porch, she was in the living room, not on the porch as Mrs. Gardner testified. Mrs. Gardner testified earlier that Miss Greene and she were on the porch when Alexander arrived. Miss Greene testified further that defendant appeared and spoke to Alexander about withdrawing the charges. On the other hand, Doretha Gardner testified that all three women were on the porch and that defendant did not appear. Based on these inconsistencies, the trial judge could properly have doubted the credibility of these witnesses and concluded that Alexander never admitted defendant was not involved in the robbery when he visited Mrs. Gardner's home.

As to defendant's alibi that he was with Miss Greene while his companions were robbing Alexander, the trial judge must have discounted it. The trial judge may have again doubted Miss Greene's credibility or concluded that defendant did speak with her, but still participated in the robbery. Defendant testified that he spoke with Miss Greene only long enough to say that he wanted to speak with her and that he would return shortly. This would have taken only a couple of minutes.

■ We believe the inconsistencies in the testimony of defendant's witnesses, when coupled with the unequivocal testimony of Alexander and Miss Bartolini provided sufficient evidence to convict the defendant beyond a reasonable doubt.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

McGILLICUDDY and BUCKLEY[1], JJ., concur.

---

[1] Justice Buckley participated in this decision while assigned to the Illinois Appellate Court, First District.