THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL W. HAYNES, Defendant-Appellant.

Third District    No. 3—91—0245

Opinion filed December 18, 1991.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a bench trial, the defendant, Michael W. Haynes, was convicted of robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—1). He was subsequently sentenced to a 10-year term of imprisonment. He appeals and we affirm.

At trial, the 84-year-old complaining witness, Lola Johannsen, testified that on the day of the incident she went shopping in a mall. When she finished shopping, she returned to her car in the parking lot. As she was closing her car door, a woman approached. The woman, Robin McLester, began pushing Johannsen, telling her to move over. At one point, McLester said, "We want your car." Johannsen tried to push her way out of the car and began screaming for help. She managed to throw her car keys out of the car and fled when McLester ran to retrieve them. Johannsen left in the car her packages and her purse, containing credit cards and $25 in cash. Though she saw her car being driven away, she did not see the defendant, Michael W. Haynes, in it. She testified that she was unaware another person had entered her car until a third party told her there was someone in the back seat while the car was driven away.

The stipulated testimony of State Trooper John Balma established that he stopped the car about 30 to 40 minutes later. The trooper found McLester was driving while defendant Haynes was seated in the passenger seat.

Detective Pablo Reyna testified that a search of the car revealed Johannsen's credit cards, the packages she had purchased at the mall, paper items from Hardee's, a toy pistol, and a syringe. There was no money left in Johannsen's purse.

After waiving his constitutional rights, Haynes gave the police an oral statement and later signed a written statement. (We note that al-

though the written statement was admitted into evidence, it is not part of the record on appeal.) Haynes told Reyna that he and McLester had taken the bus to the mall because they needed money. Haynes said he approached Johannsen in the parking lot and asked if she needed help with her packages. He hoped she would pay him to help. When Johannsen refused, he turned to walk back toward the mall. Haynes then noticed McLester opening Johannsen's car door and heard her ask Johannsen to give her the car. Johannsen became frightened and threw her keys out of the car. Haynes then picked up the keys and gave them to McLester. As Johannsen yelled for help, Haynes got into the back seat and hid himself while McLester drove away. They later used $15 from Johannsen's purse to buy gas and used the rest of the money to buy food at a Hardee's restaurant. Haynes stated they were on their way to Chicago when the police stopped them. Haynes did not indicate he and McLester had a premeditated plan to commit the crime.

At trial, Haynes' testimony was largely consistent with the above-noted statement, except he claimed that when Johannsen threw her keys, McLester, not he, retrieved them. Haynes further claimed he got into the car because McLester told him to and because he was unfamiliar with the area. Haynes testified he had no idea McLester was going to rob Johannsen. Haynes asserted he had lied when he told the police he picked up the keys after Johannsen threw them.

McLester, who had previously pled guilty to the offense, testified at trial for Haynes. She supported Haynes' in-court testimony but contradicted the statement Haynes had given to the police. Specifically, McLester testified she picked up the keys. She also testified that the toy gun found in the car was hers. She had not shown it to anyone, including the defendant, before, during, or after the incident. McLester stated that she had no preconceived plan to commit the crime and had not discussed it with Haynes. McLester also testified that she removed the money and credit cards from the purse while driving. She was impeached on this last point by her statement to the police that, while she was driving, Haynes had removed the $25 from the purse.

In addition to the above-noted testimony, certified copies of Haynes' felony convictions in Texas were admitted into evidence. Following closing arguments, the trial court found the defendant guilty.

Haynes argues on appeal that the State failed to prove him accountable for the offense beyond a reasonable doubt. Specifically, he contends the State failed to show he acted before or during the com-

mission of the robbery with the intent to facilitate the commission of the crime.

In order to be convicted on an accountability theory, the State must show: (1) the defendant solicited, aided, abetted, agreed, or attempted to aid another in the planning or commission of an offense; (2) the participation took place either before or during the commission of the offense; and (3) the defendant had the concurrent specific intent to promote or facilitate the commission of the offense. (Ill. Rev. Stat. 1989, ch. 38, par. 5—2(c); *People v. Schlig* (1983), 120 Ill. App. 3d 561, 458 N.E.2d 44.) In determining whether accountability has been established, the trier of fact may consider factors such as the defendant's presence during the crime, acts performed after the commission of the crime, and the offender's flight from the scene. (*People v. Dotson* (1986), 143 Ill. App. 3d 135, 492 N.E.2d 903.) Proof that a defendant was present during the commission of a crime without opposing or disapproving it, later maintained a close affiliation with his or her companions, and failed to report the crime are factors which a court may consider in determining a defendant's legal accountability. *People v. Bailey* (1985), 132 Ill. App. 3d 399, 476 N.E.2d 1360.

The resolution of factual issues and the assessment of the credibility of the witnesses are for the trier of fact to decide, and a reviewing court will not reverse that judgment unless the evidence is so unsatisfactory or unreasonable that a reasonable doubt of the defendant's guilt remains. (*People v. Peters* (1986), 144 Ill. App. 3d 310, 494 N.E.2d 853.) In reviewing the sufficiency of the evidence of an offense, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

Based upon our review of the record, we find Haynes' involvement in the crime sufficient to establish his intent to promote or facilitate the robbery and thus render him accountable for the offense. Haynes asserts that Johannsen's and McLester's testimony taken together established a reasonable doubt that he was involved in the robbery. Specifically, he points out that Johannsen testified that when she threw her keys, McLester went after them. Haynes notes that this was consistent with McLester's testimony that she retrieved the keys. He also points out that Johannsen testified she never saw Haynes.

We find from the record, however, that Haynes testified he had known and lived with McLester "on and off" for about two years prior to the instant offense. Thus, evidence of McLester's possible bias in testifying for Haynes was presented to the trial court. More

importantly, Johannsen did not testify that she saw McLester actually pick up the keys. Rather, she fled the car the moment McLester turned away from her. Therefore, Johannsen's testimony did not contradict Haynes' original statement to the police that he retrieved the keys and turned them over to McLester.

Furthermore, Haynes' behavior following the robbery is crucial in examining his credibility and culpability. Haynes admitted at trial that following the commission of the crime he remained with McLester, traveling in Johannsen's stolen car and spending money from her purse. Additionally, Haynes and McLester stopped twice, once for gas and once for fast food. Haynes did not take these opportunities to disassociate himself from McLester or to inform the authorities, but rather continued on with McLester toward his stated destination of Chicago.

Finally, it is important to note, based on our review of the record, that both Haynes and McLester were impeached by their prior statements to the police. Clearly, the trial judge believed Haynes was present when McLester opened the car door and that he retrieved the keys and turned them over to McLester. The court stated: "[The defendant knew] exactly what [McLester] intended to do and what he intended to do. And it was to get in that car and drive off, which they did." A trial judge's conclusion about the credibility of the witnesses is entitled to great weight. (*People v. Gardner* (1979), 68 Ill. App. 3d 462, 386 N.E.2d 492.) Under these circumstances, we find the State proved Haynes' guilt beyond a reasonable doubt. Instead of disassociating himself from McLester, the record clearly reflects Haynes assisted her and actively participated in the crime.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER, P.J., and SLATER, J., concur.