THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN W. WINDSOR, Defendant-Appellant.

Third District   No. 3—92—0613

Opinion filed April 7, 1993.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Joan Scott, State's Attorney, of Lewistown (John X. Breslin and Jay Paul Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, John W. Windsor, was charged with unlawful commercialization of fish (515 ILCS 5/5—25 (West 1992)). Following a bench trial, he was found guilty and sentenced to a one-year term of probation. The defendant appeals.

The record shows that Terry Holbrook, an agent for the Law Enforcement Division of the Illinois Department of Conservation, testified that on February 11, 1991, he drove to Sportsman's Tavern. There, he met with Troy Swan. Following a conversation, they walked to the passenger side of Swan's truck. Swan took fish out of the back of the truck and showed them to Holbrook. Holbrook described the fish as dressed bluegill and bass which were filleted and ready for frying.

During this time, the defendant remained in the truck on the driver's side. Near the end of the conversation, the defendant left the

truck and approached Swan and Holbrook. However, he did not speak to Holbrook. A price of $1.50 a pound for bluegill and $2.50 for each of the bass was agreed upon. The total price was $60 for approximately 40 pounds of fish.

The defendant also testified. He denied hearing any price being discussed for the fish or seeing any money being paid. He did, however, admit to picking up Swan and taking him to the meeting place to sell fish. He also admitted to knowing that the cooler Swan placed in his truck was full of fish.

On appeal, the defendant first argues that the Fish and Aquatic Life Code (Fish Code) (515 ILCS 5/1—1 *et seq.* (West 1992)) is unconstitutional because it violates his due process rights under the United States Constitution and the Illinois Constitution. Specifically, the defendant contends that the statutory values set for fish are arbitrary and unreasonable. He submits that the only reasonable value for the fish is the market value, and therefore the value of his fish did not meet the statutory level of $300. We disagree.

There is a presumption that all statutes are constitutional, and the party challenging the statute has the burden of clearly establishing the alleged constitutional violation. Because the statute in question does not involve a fundamental right, the test to be used in a due process analysis is the rational basis test. (*People v. Hamm* (1992), 149 Ill. 2d 201, 595 N.E.2d 540.) In applying the rational basis test, a court will identify the public interest that a statute is intended to protect, examine whether the statute bears a reasonable relationship to that interest, and determine whether the method used to protect or further that interest is reasonable. (*People v. Lindner* (1989), 127 Ill. 2d 174, 535 N.E.2d 829.) If there is any conceivable basis for finding a rational relationship, the law will be upheld. *People v. Hamm* (1992), 149 Ill. 2d 201, 595 N.E.2d 540.

The purpose of the Fish Code is to preserve the natural resources of Illinois by preventing the widespread poaching of wildlife. (*People v. Hamm* (1992), 149 Ill. 2d 201, 595 N.E.2d 540.) Therefore, the purpose of the valuation subparagraphs is not to limit the amount of profit a party can make in selling protected fish, but to determine when the improper depletion of Illinois resources reaches an unacceptable, and therefore punishable, level. Hence, the market value of the fish is not tied to the purpose of the statute. Here, the defendant has made no showing that the amount of fish necessary to constitute an offense under the present valuation system was arbitrary or unreasonable. We therefore find that he was not denied due process of law.

The defendant also argues that even under the values of the Fish Code, the total value of the fish was less than $300. The statute provides that bluegill and bass are to be valued at $4 per pound "dressed or not dressed ***. *** For parts of fish processed past the dressed state, $8 per pound." (515 ILCS 5/5—25 (West 1992).) "Dressed" simply means "having the head removed." 515 ILCS 5/1—45 (West 1992).

■ Officer Holbrook stated that the fish were dressed. However, he also testified that they were cleaned, filleted, and ready for frying. We find that this testimony clearly established the fish were processed beyond the "dressed" stage. As such, the statutory value was $8 a pound, making the total value of approximately 40 pounds of fish in excess of $300.

The defendant next argues that he was not proved guilty on a theory of accountability of unlawful commercialization of fish.

To convict a person of an offense on a theory of accountability, the State must prove: (1) the defendant solicited, aided, abetted, agreed, or attempted to aid another in the planning or commission of an offense; (2) the participation took place either before or during the commission of the offense; and (3) the defendant had the concurrent specific intent to promote or facilitate the commission of the offense. On appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Haynes* (1991), 223 Ill. App. 3d 147, 583 N.E.2d 1177.

■ Here, the defendant was sitting in the truck at the time Swan and Holbrook began discussing the fish. Near the end of the conversation, the defendant approached the pair. Although the defendant did not receive any money in the transaction and took no part in the conversation, he admitted that he picked up Swan and took him to the meeting place for the express purpose of selling fish. This admission establishes beyond a reasonable doubt that the defendant's action furthered the unlawful sale of fish. Accordingly, we find that he was proved guilty of the offense.

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

SLATER and LYTTON, JJ., concur.