THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LESTER WARWICK, Defendant-Appellant.

Second District   No. 2—91—1423

Opinion filed September 27, 1993.

G. Joseph Weller and Ingrid L. Moller, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and Brian L. Buzard, of Mt. Morris (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Lester Warwick, pleaded guilty to one charge of reckless homicide (Ill. Rev. Stat. 1991, ch. 38, par. 9—3(a) (now 720 ILCS 5/9—3(a) (West 1992))). Although reckless homicide is normally a Class 3 felony (see Ill. Rev. Stat. 1991, ch. 38, par. 9—3(d)(2) (now 720 ILCS 5/9—3(d)(2) (West 1992))), the fact that defendant committed the offense while he was under the influence of alcohol enhanced the offense to a Class 2 felony and defendant was sentenced to 10 years' imprisonment, or four years under the maximum for this particular Class 2 felony (see Ill. Rev. Stat. 1991, ch. 38, par. 9—3(e) (now 720 ILCS 5/9—3(e) (West 1992))).

On appeal, defendant argues that the statute under which he was sentenced violates his constitutional rights to due process and equal protection in two respects. First, the use of the intoxication factor to enhance reckless homicide, but not involuntary manslaughter, to a Class 2 felony creates an irrational distinction between similarly situated offenders. Second, the reckless homicide statute improperly allows the equivalent of an extended-term sentence even without any of the aggravating factors needed for an extended term for other felonies (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2 (now codi-

fied, as amended, at 730 ILCS 5/5—5—3.2 (West 1992)); Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—2(a)(4) (now 730 ILCS 5/5—8—2(a)(4) (West 1992))).

While he was under the influence of alcohol, defendant illegally drove his car into an intersection, striking a car and killing a passenger in that car. Defendant was convicted under the following statute:

"§9—3. Involuntary Manslaughter and Reckless Homicide. (a) A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle, in which case the person commits reckless homicide.

(b) In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be prima facie evidence of a reckless act.

\* \* \*

(d) Sentence.

(1) Involuntary manslaughter is a Class 3 felony.

(2) Reckless homicide is a Class 3 felony.

(e) In cases involving reckless homicide in which the defendant was determined to have been under the influence of alcohol or any other drug or drugs as an element of the offense, or in cases in which the defendant is proven beyond a reasonable doubt to have been under the influence of alcohol or any other drug or drugs, the penalty [sic] shall be a Class 2 felony, for which a person, if sentenced to a term of imprisonment, shall be sentenced to a term of not less than 3 years and not more than 14 years." Ill. Rev. Stat. 1991, ch. 38, par. 9—3 (now 720 ILCS 5/9—3 (West 1992)).

▮ Defendant argues first that subsection (e) of the statute violates equal protection and due process because it arbitrarily mandates different levels of punishment for similarly situated offenders. Defendant maintains that there is no basis for the differential treatment of (1) one who, while under the influence of alcohol, recklessly causes the death of another by driving a motor vehicle and (2) one who, while under the influence of alcohol, recklessly causes the death of another by some other means, e.g., firing a gun in public. Defendant notes that in each case the offender's mental state is the same and the effect on the victim is identical. We agree with defendant's observations concerning the identicalness of the mental state and the

effect on the victim in defendant's analysis. However, we do not agree with defendant that the scheme is thereby unconstitutional.

A party asserting that a statute is unconstitutional has the burden to demonstrate clearly the alleged constitutional violation. (*People v. Hamm* (1992), 149 Ill. 2d 201, 208-09.) Defendant concedes that, because the statutory scheme at issue does not implicate either a suspect classification or a fundamental right, it violates neither equal protection nor due process as long as it bears a rational relation to a legitimate State goal. *People v. Shephard* (1992), 152 Ill. 2d 489, 499-500; *People v. Windsor* (1993), 242 Ill. App. 3d 1030, 1032.

The equal protection clauses of the Federal and State Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) do not require equal treatment of differently situated classes of persons. (*Jenkins v. Wu* (1984), 102 Ill. 2d 468, 477.) Furthermore, where, as here, no fundamental right is at stake, the legislature may even differentiate between similarly situated persons if there is a rational basis for doing so. *People v. Esposito* (1988), 121 Ill. 2d 491, 501.

We conclude that there is a rational basis for imposing a particularly harsh penalty on those whose reckless behavior while intoxicated behind the wheel of a motor vehicle causes death to another. To use defendant's example, we agree that intoxicated persons who recklessly cause the death of another by the use of firearms act with the same mental state (recklessness) and cause the same evil (death to the victim) as intoxicated persons who recklessly cause the death of another by driving under the influence of alcohol or drugs. Nonetheless, case law makes it abundantly clear that, even where two offenses are equally serious, the legislature may punish one of them more severely if it has a rational basis to conclude that the offense is a more pervasive threat to society and therefore requires greater penalties to protect society through the law's deterrent effect.

Instructive in the present context is *People v. Esposito* (1988), 121 Ill. 2d 491, a case that neither party cites. The defendant in *Esposito* argued that the legislature created an irrational classification by limiting the statutory summary suspension of driving privileges of those who submit to chemical testing to drivers whose blood-alcohol concentration equaled or exceeded 0.10. The defendant argued that this limitation improperly distinguished between those drivers with a certain blood-alcohol level and other drivers who might be equally impaired by drugs. The court rejected this argument, stating:

> "We are not persuaded *** that persons with a BAC of 0.10 or more and other persons under the influence of alcohol, drugs, or a combination thereof, are so similarly situated as to

require identical treatment under the equal protection clause. The General Assembly enacted the summary suspension scheme in response to widespread concern over the threat which drunk drivers pose to safety and human life in our society [citation] and may have rationally concluded that a statutory measure designed to remove drunk drivers from the roadways was more urgently needed than a measure to remove other categories of impaired drivers from the roads." *Esposito*, 121 Ill. 2d at 502-03.

This reasoning is directly applicable to the statute under challenge here. Although an individual case of involuntary manslaughter through the intoxicated use of a weapon may be as serious as an individual case of reckless homicide from drunk driving, the legislature may have rationally concluded that there are many more instances of the latter type of tragic death and that greater penalties are proper here not because one offense is intrinsically more serious than the other but because it is a more pervasive menace to society. That driving while intoxicated is an extraordinarily widespread cause of accidental deaths is a matter of common knowledge, as the *Esposito* court recognized.

Other cases also hold that, in fixing the penalty for an offense, the legislature may consider the pervasiveness of the offense and the urgency to society as well as the intrinsic "evil" of the type of criminal conduct. In *People v. Hamm* (1992), 149 Ill. 2d 201, the supreme court held that the legislature could impose harsher penalties for commercially motivated intentional violations of laws against the killing or possession of aquatic life than for similar offenses that are not done for profit or commercial purposes. Although the defendants argued that the two types of conduct were intrinsically similar, the court reasoned that the classification was supported in part by the greater likelihood of such violations when a profit motive was present. *Hamm*, 149 Ill. 2d at 209-10.

In *People v. Watson* (1987), 118 Ill. 2d 62, the court upheld a statute that enhanced a conviction of battery to one of aggravated battery where the victim was a State or county public aid worker, but not where the victim was a local public aid worker. Although a battery committed against a local public aid worker is no less intrinsically intentional or harmful than one committed against a State or county public aid worker, the court concluded that the difference in penalties was rational in view of the greater risks to which State and county public aid workers were exposed. Thus, the court would not disturb the legislative determination that stiffer punishment was nec-

essary to afford adequate protection for more vulnerable potential victims.

In *People v. Pehrson* (1989), 190 Ill. App. 3d 928, the court held that the legislature acted properly in imposing stiffer sentences for the delivery of cocaine than for the delivery of other controlled substances, such as heroin, that were not necessarily less dangerous than cocaine. The court relied in part on the fact that the legislature could reasonably conclude that cocaine was far more easily available than many other controlled substances. *Pehrson*, 190 Ill. App. 3d at 931.

The classification challenged here is rationally related to the statutory purpose of deterring reckless and potentially deadly conduct. Because the special punishment for reckless homicide resulting from drunken driving passes the rational basis test, it violates neither equal protection nor substantive due process. See *Esposito*, 121 Ill. 2d at 502-03; *Boynton v. Kusper* (1986), 112 Ill. 2d 356, 367 (exercise of the police power comports with due process if it bears a reasonable relationship to the public interest to be served and is not arbitrary or discriminatory).

■ Defendant's second argument on appeal is that the statutory scheme at issue is unconstitutional because it allows a court to impose the equivalent of an extended-term sentence upon a defendant convicted of a Class 2 felony (reckless driving while under the influence of alcohol) without any requirement that the court find any of the factors in aggravation normally necessary to impose an extended-term sentence upon a defendant who has been convicted of a Class 2 felony. Defendant argues that this results in an irrational classification between defendants who have been convicted of reckless driving while intoxicated and defendants who are convicted of other felonies that the legislature has deemed no less intrinsically serious.

Defendant analogizes the penalty imposed in this case to a double enhancement. He argues that the statute in effect makes intoxication a double enhancement, as the presence of that factor not only raises a Class 3 felony to a Class 2 felony but also makes the Class 2 felony involved punishable by the equivalent of an extended-term sentence. Although we do not quarrel with this characterization of the statute, a double enhancement of a penalty is permissible and will be given effect where it is clear that the legislature intended such a result. *People v. Ferguson* (1989), 132 Ill. 2d 86, 97-98; *Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 374.

What we have said in response to defendant's first challenge to the statute applies here as well. Although the legislature has made it easier for courts to impose severe sentences for reckless homicide

while intoxicated than for other Class 2 felonies, we cannot say that this distinction is irrational or improper.

The classification schedule for various offenses is not itself the crucial consideration. (See *Pehrson*, 190 Ill. App. 3d at 930-31 (harsher penalties for delivery of cocaine than for delivery of heroin were not improper merely because legislature made heroin a "schedule I" controlled substance and made cocaine a "schedule II" substance).) We attach no importance to the fact that the statute at issue labels the offense as a "Class 2 felony." Had the statute at issue labelled reckless driving while intoxicated a Class 1 felony, defendant could not make the argument he now makes. Defendant's argument exalts labeling over substance.

Moreover, the reasons that we have already given for upholding the distinctive penalty for reckless homicide while intoxicated refute defendant's second challenge to the statute. Even were we to assume that the labeling of the offense at issue required us to conclude that persons who have committed reckless driving while intoxicated are of necessity "similarly situated" to persons who have committed other felonies that have been denominated "Class 2," the legislature could have rationally concluded that this is a case where equal protection and due process do not require precisely equal treatment for members of similarly situated groups. Courts have acknowledged that "drunk driving and its consequences represent one of our society's gravest problems" (*People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 110), or, phrased differently, that the " 'slaughter on our highways *** now reaches the astounding figures only heard of on the battlefield.' " (*Breithaupt v. Abram* (1957), 352 U.S. 432, 439, 1 L. Ed. 2d 448, 453, 77 S. Ct. 408, 412, quoted with approval in *South Dakota v. Neville* (1983), 459 U.S. 553, 558, 74 L. Ed. 2d 748, 755, 103 S. Ct. 916, 920.) Given the extraordinary pervasiveness of the problem that the legislature has addressed, we cannot say that the severe penalties it has imposed in the hopes of lessening this problem are constitutionally impermissible.

As defendant raises no other challenges to his conviction or sentence, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

WOODWARD and McLAREN, JJ., concur.