THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE WILLIAMS, Defendant-Appellant.

First District (6th Division)   No. 1—92—3752

Opinion filed May 27, 1994.—Rehearing denied July 19, 1994.—Modified opinion filed July 29, 1994.

Rita A. Fry, Public Defender, of Chicago (Elyse Krug Miller, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, Celeste Stewart-Stack, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GIANNIS delivered the opinion of the court:

Defendant, Andre Williams, was convicted by jury of four counts of aggravated criminal sexual assault and two counts of aggravated kidnaping. He was sentenced to a prison term of eight years for each of four counts of aggravated criminal sexual assault and four years for each of two counts of aggravated kidnaping, all terms to run consecutively (40 years). We have jurisdiction under Supreme Court Rule 603 (134 Ill. 2d R. .603).

At trial, two female complainants testified that they were waiting for a bus at approximately 11 p.m. when defendant drove up in a subcompact automobile and pointed a gun at them. He told the women that he was a police officer and that they had to get into the car. One woman got into the passenger seat, the other into the back seat of the car. Defendant then drove into a nearby alley. He handcuffed one of the complainants to the steering wheel of the car and pointed his gun at the other in the back seat. He then forced the woman in the passenger seat to perform fellatio. Defendant subsequently forced the complainant who was sitting in the passenger seat to have intercourse with him. After having intercourse with the woman in the passenger seat, defendant demanded that the two women change seats. He then ordered the second woman to perform fellatio and he again had intercourse. The complainants testified that afterwards he dropped them off at a nearby corner and drove away.

Following defendant's conviction for four counts of aggravated criminal sexual assault, the trial court sentenced him to four consecutive sentences of eight years each pursuant to the terms of section 5—8—4(a) of the Unified Code of Corrections (the Act) (730 ILCS 5/5—8—4(a) (West 1992)). Section 5—8—4(a) of the Act states in pertinent part:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, [1] one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or [2] where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961 [*i.e.*, criminal sexual assault or aggravated criminal sexual assault], in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(a) (West 1992).

See *People v. Wittenmyer* (1992), 151 Ill. 2d 175, 195, 601 N.E.2d 735 (legislature intended two separate and distinct exceptions to the general rule that the court shall not enter consecutive sentences for offenses which were committed as part of a single course of conduct

during which there was no substantial change in the nature of the criminal objective).

In this case, defendant was charged and convicted of four counts of aggravated criminal sexual assault under section 12—4 (720 ILCS 5/12—4 (West 1992)). Defendant concedes that the statute thus requires consecutive sentencing. (See *People v. Norfleet* (1994), 259 Ill. App. 3d 381; *People v. McDade* (1991), 219 Ill. App. 3d 317, 579 N.E.2d 1173; *People v. Lipscomb* (1991), 215 Ill. App. 3d 413, 574 N.E.2d 1345.) Defendant argues, however, that the statute violates the due process and equal protection clauses of the fourteenth amendment of the Constitution of the United States (U.S. Const., amend. XIV), as well as the due process and proportionate penalties clauses of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §§ 2, 11).

The State responds by noting that defendant's constitutional challenges were not raised in the trial court either by objection or by way of a post-trial motion. It is well established that both an objection at trial and a written post-trial motion raising the issue are necessary to preserve an alleged error for review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) The supreme court has subsequently indicated, however, that a constitutional challenge to a statute can be raised at any time. (*People v. Felella* (1989), 131 Ill. 2d 525, 536, 546 N.E.2d 492; *People v. Wade* (1989), 131 Ill. 2d 370, 375-76, 546 N.E.2d 553; *People v. Bryant* (1989), 128 Ill. 2d 448, 454, 539 N.E.2d 1221.) Defendant has not, therefore, waived the issue of whether section 5—8—4(a) is constitutional.

In attacking the constitutionality of the Act, defendant bears a heavy burden. Statutes are presumed constitutional, and any doubt regarding a statute's constitutionality must be decided in favor of the law's validity. (*People v. Haywood* (1987), 118 Ill. 2d 263, 271, 515 N.E.2d 45.) We must construe acts of the legislature so as to affirm their constitutionality and validity if it can reasonably be done. (*People v. Steffens* (1991), 208 Ill. App. 3d 252, 258, 566 N.E.2d 985.) It is the party challenging the constitutionality of a statute that bears the burden of "clearly establishing" a constitutional violation. *People v. Bales* (1985), 108 Ill. 2d 182, 188, 483 N.E.2d 517.

## SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION

Defendant first claims that section 5—8—4(a) violates his due process and equal protection rights. Because the statutory scheme at issue does not implicate either a suspect classification or a fundamental right, however, it violates neither equal protection nor due process so long as it bears a rational relation to a legitimate State goal. *People v. Shephard* (1992), 152 Ill. 2d 489, 499-500, 605 N.E.2d 518; *People v. Windsor* (1993), 242 Ill. App. 3d 1030, 1032, 611 N.E.2d 596.

Defendant argues that "[i]f a defendant intends on raping a woman, and the defendant wants to engage in more than one type of penetration, the defendant will do this irrespective of whether he receives a consecutive sentence for each penetration." This same claim was rejected, however, in *People v. Bowen* (1993), 241 Ill. App. 3d 608, 609 N.E.2d 346. In *Bowen,* the court determined that the imposition of consecutive sentences for multiple penetrations in a criminal sexual assault case is rationally related to the legislative purpose of deterring additional assaults upon the victim. See also *People v. Toliver* (1993), 251 Ill. App. 3d 1092, 1100, 623 N.E.2d 880.

■ The supreme court has noted with each act of sexual assault, "the victim's psychological constitution and most intimate part of her being have been violently invaded." (*People v. Segara* (1988), 126 Ill. 2d 70, 78, 533 N.E.2d 802.) This is true even when the sexual assault occurs during a single criminal episode. One of the obvious legislative purposes of section 5—8—4(a), in addition to deterring further crime upon the victim, is to more severely punish those offenders who commit violent and abhorrent criminal behavior, either through the infliction of severe bodily injury or by inflicting the type of psychological trauma inherent in sexual assault. This legislative purpose bears a sufficient "rational relation" to withstand constitutional analysis.

Defendant claims that there is no basis for different treatment of those defendants subject to mandatory consecutive sentences under section 5—8—4(a) from those defendants who are eligible for permissive consecutive sentencing under section 5—8—4(b). Subsection (b) of this section provides:

"The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." 730 ILCS 5/5—8—4(b) (West 1992).

■ Defendant's claim is plainly without merit. The general assembly has broad authority to "differentiate between persons similarly situated if there is a rational basis for doing so." (*Jenkins v. Wu* (1984), 102 Ill. 2d 468, 477, 468 N.E.2d 1162; see, *e.g., People v. Warwick* (1993), 251 Ill. App. 3d 65, 621 N.E.2d 282 (intoxication factor used to enhance reckless homicide, but not involuntary manslaughter, does not create irrational distinction between similarly situated offenders).) As already noted, the legislature has the authority to punish an offense more severely if there is a rational basis to conclude that the offense is a more pervasive threat to society. (*War-*

*wick*, 251 Ill. App. 3d at 71.) In light of the unique nature of the harm caused to victims of sexual assault and the threat this crime poses, it is not a violation of equal protection to deny those guilty of sexual assault the benefits of concurrent sentencing.

PROPORTIONATE PENALTIES CLAUSE

Defendant next argues that section 5—8—4(a) of the Act violates the proportionate penalties clause and the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §§ 11, 2). The Illinois Constitution provides in article I, section 11, that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, § 11.) Similarly, section 1—1—2 of the Act states as its purpose to "prescribe sanctions proportionate to the seriousness of the offense and permit the recognition of differences in rehabilitation possibilities among individual offenders" and to "restore offenders to useful citizenship." 730 ILCS 5/1—1—2(d) (West 1992).

Nonetheless, it is recognized that it is the province of the legislature to define offenses and determine the penalties required to protect society's interests. (*People v. Terrell* (1989), 132 Ill. 2d 178, 216, 547 N.E.2d 145; *People v. Morris* (1990), 136 Ill. 2d 157, 161, 554 N.E.2d 235; *Steffens*, 208 Ill. App. 3d at 260-61.) It is the legislature, and not the courts, that is in the best position to investigate and ascertain the evils confronting society and gauge their seriousness. (*People v. Steppan* (1985), 105 Ill. 2d 310, 319, 473 N.E.2d 1300; *Steffens*, 208 Ill. App. 3d at 261.) The standard of review of a sentencing statute such as section 5—8—4(a) is simply whether the penalty prescribed for a particular crime is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety, and general welfare. (*Morris*, 136 Ill. 2d at 162; *Steppan*, 105 Ill. 2d at 319; *Steffens*, 208 Ill. App. 3d at 261.) A judicial determination of disproportionality is justified only if the punishment is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. *People v. Gonzales* (1962), 25 Ill. 2d 235, 240, 184 N.E.2d 833; *Steffens*, 208 Ill. App. 3d at 261.

In this case, defendant committed four distinct acts of aggravated criminal sexual assault upon his victims. The supreme court has emphasized the unique harm caused by each act of penetration in such cases. (*Segara*, 126 Ill. 2d at 78.) To the victim of sexual assault, each penetration is "readily divisible and intensely personal." (*Segara*, 126 Ill. 2d at 77.) Under the facts presented, defendant's sentence is not "cruel, degrading, or so wholly dispropor-

tionate to the offense committed as to shock the moral sense of the community." *Gonzales*, 25 Ill. 2d at 240; *Steffens*, 208 Ill. App. 3d at 261.

## VAGUENESS

Defendant next argues that the statute violates due process because it is vague. As a matter of due process law, a statute is void if a person " 'of common intelligence must necessarily guess at its meaning and could differ as to its application.' " (*Ardt v. Illinois Department of Professional Regulation* (1992), 154 Ill. 2d 138, 156-57, 607 N.E.2d 1226, quoting *Connally v. General Construction Co.* (1926), 269 U.S. 385, 391, 70 L. Ed. 322, 328, 46 S. Ct. 126, 127.) Defendant claims that the statute is vague because it is unclear whether the statute was "meant to apply when there are multiple penetrations of one sex offense or only where there is a sex offense and another felony committed."

■ The best indication of the statute's meaning is the words chosen by the legislature itself. (*Byrne v. City of Chicago* (1991), 215 Ill. App. 3d 698, 707, 576 N.E.2d 19.) The statute in straight-forward language requires that consecutive sentences be imposed whenever a defendant is convicted of "*a violation* of Section 12—13 or 12—14." (Emphasis added.) (720 ILCS 5/12—4 (West 1992).) There is no exception for subsequent violations of the same statutory offense in section 5—8—4(a), nor does defendant make any argument or cite any authority which would suggest this interpretation.

Defendant also argues that the statute is unconstitutionally vague because it is ambiguous whether only crimes committed as part of a "single course of conduct" are properly sentenced consecutively, or whether the statute mandates consecutive sentences for criminal acts which fall within one of the statute's two triggering conditions, but which were not committed as part of a "single course of conduct." In this case defendant committed his crimes within a single course of criminal conduct. He does not, therefore, have standing to raise this issue. Even so, in *People v. Bole* (1993), 155 Ill. 2d 188, 194, 613 N.E.2d 740, the supreme court relied upon the "plain language" of section 5—8—4(a) and found the statute to be properly applied only to those defendants whose crimes, like those at issue here, are committed as part of a single criminal course of conduct. (*Bole*, 155 Ill. 2d at 197-98.) The court had no trouble in construing the statute's meaning with regard to the issue now raised by defendant and it is not, therefore, unconstitutionally vague.

We next address defendant's kidnaping convictions. Defendant argues that his aggravated kidnaping convictions must be reversed

outright. He claims that the kidnaping of the victims was only incidental to the aggravated criminal sexual assaults and that the kidnaping charges cannot result in independent convictions.

The kidnaping charges brought against the defendant were based upon section 10—2(5) of the Criminal Code of 1961. This section provides that a person is guilty of aggravated kidnaping when he "commits the offense of kidnaping while armed with a dangerous weapon." (720 ILCS 5/10—2(5) (West 1992).) Kidnaping is defined by the Code at section 10—1 as follows:

"Kidnaping. (a) Kidnaping occurs when a person knowingly:
(1) And secretly confines another against his will, or
(2) By force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will, or
(3) By deceit or enticement induces another to go from one place to another with intent secretly to confine him against his will." 720 ILCS 5/10—1 (West 1992).

In *People v. Casiano* (1991), 212 Ill. App. 3d 680, 571 N.E.2d 742, the defendant had been charged with forcing a victim to walk 1 1/2 blocks to his apartment. Once in the apartment, he repeatedly sexually assaulted her. The court articulated four distinct factors to be considered when deciding whether an asportation or detention rises to the level of kidnaping. (*Casiano*, 212 Ill. App. 3d at 687.) These factors are: (1) the duration of the asportation or detention, (2) whether the asportation or detention occurred during the commission of a separate offense, (3) whether the asportation or detention that occurred is inherent in the separate offense, and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense. *Casiano*, 212 Ill. App. 3d at 687.

■ We believe the defendant to be correct in arguing that the second and fourth factors favor his position. The detention of the victims here occurred during the commission of separate offenses against the women and the detention of the women did not create a significantly greater danger to either of them beyond that posed by the aggravated sexual assaults. However, the first and third factors favor the State's case and are qualitatively more compelling under these facts.

First, the detention in this case lasted for a significant period of time, perhaps 45 or 50 minutes. Several cases have affirmed aggravated kidnaping convictions involving such a duration. See *People v. Dick* (1987), 153 Ill. App. 3d 670, 505 N.E.2d 1157 (defendant found guilty of aggravated kidnaping and rape after forcing

victim to remain in his cab for 20 minutes before forcing her into a building where the assault occurred); *People v. Gully* (1986), 151 Ill. App. 3d 795, 502 N.E.2d 1091 (defendant found guilty of aggravated kidnaping and rape because victim was transported and detained for 45 minutes).

Second, the defendant's criminal conduct went beyond that required for the commission of the sexual assault crime. While defendant assaulted his first victim, he held the second at gun point. While he assaulted his second victim, he similarly held his first victim. Thus, each victim was detained both prior to and after being violated, significantly longer than the amount of time necessary to accomplish the defendant's sexual assault against her. This type of detention is not inherent in the sexual assault offense and indicates that the kidnaping of the victims was the result of independent criminal conduct. While the kidnaping was certainly related to the sexual assault, these charges are sufficiently dissimilar to warrant distinct criminal convictions.

Defendant next argues that if he is to be convicted of aggravated kidnaping, he was improperly sentenced to consecutive terms for these convictions. He claims that the trial court sentenced him under the terms of 5—8—4(a) of the Act which he claims mandates concurrent sentences for his aggravated kidnaping convictions, not consecutive sentences. The State argues that defendant was properly sentenced under the discretionary sentencing provisions of section 5—8—4(b). In any case, the State argues that defendant has waived the sentencing issue by failing to raise it before the trial court and by failing to file a motion to reconsider his sentence. For this last claim, the State cites *People v. Macke* (1992), 224 Ill. App. 3d 815, 587 N.E.2d 1113, where the appellate court invoked section 5—8—1(c) of the Act and determined that the failure by the defendant to file a post-trial motion to reduce his sentence waived subsequent review of the issue in the appellate court. *Macke*, 224 Ill. App. 3d at 816.

The State's waiver argument overlooks the supreme court's recent decision, *People v. Lewis* (1994), 158 Ill. 2d 386. In *Lewis*, the court implicitly overruled the *Macke* decision, finding section 5—8—1(c) imposes no such requirement upon the defendant.

█ The State is correct, nonetheless, that defendant failed to bring the issue to the trial court by raising an objection. The general rule is that issues must be raised in the circuit court for them to be preserved on appeal. Even so, we conclude that defendant's failure to object in this case is not fatal to his challenge. Section 5—8—4(a) requires that certain offenses *shall not* be served consecutively and that other offenses *shall* be served consecutively. Section 5—8—4(b)

states that the trial court *shall not* impose consecutive sentences unless certain statutory conditions are met. If a trial court sentences a defendant to consecutive terms when the Act requires concurrent terms, the court acts beyond its power. (See *People v. Johnson* (1981), 97 Ill. App. 3d 976, 979, 424 N.E.2d 12 ("Where a court acts in the absence of jurisdiction, the disposition is void and subject to collateral attack").) We conclude that the mandatory sentencing provisions of section 5—8—4(a) and section 5—8—4(b) are not personal rights which either the defendant or the State has authority to waive. *Cf. People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.

■ Despite the fact that section 5—8—4(a) is not unconstitutionally vague, we agree with defendant that this section of the Act contains ambiguities when applied to certain factual settings. Section 5—8—4(a) requires "sentences" to run consecutively when one of the offenses for which the defendant is convicted is a Class X or Class 1 felony and when the defendant inflicts severe bodily injury. In addition, this section requires "sentences" to run consecutively when the defendant is convicted of criminal sexual assault or aggravated criminal sexual assault. The statute does not expressly indicate which "sentences" are to be made consecutive. At defendant's sentencing, the State argued that all charged offenses must be served consecutively under section 5—8—4(a).

We do not believe consecutive sentencing for defendant's aggravated kidnaping convictions is proper under these facts and under the terms of section 5—8—4(a). It is a well-settled principle of statutory construction that penal statutes are construed in favor of the accused. (*People v. Owens* (1992), 240 Ill. App. 3d 168, 170-71, 608 N.E.2d 159.) The supreme court has stated that a general policy of lenity applies with respect to the interpretation of criminal statutes. (*People v. Alejos* (1983), 97 Ill. 2d 502, 512, 455 N.E.2d 48; *People v. Haron* (1981), 85 Ill. 2d 261, 277-78, 422 N.E.2d 627.) We interpret the terms of section 5—8—4(a) to mean that only those convictions for crimes specifically enumerated by the statute are to be served consecutively. While we conclude that sentences for other crimes may not be served during the same time period a defendant is serving a "consecutive" sentence under section 5—8—4(a), sentences for crimes not enumerated in section 5—8—4(a) may be served concurrently to one another after the "consecutive" sentences have been served. We note that in *Wittenmyer*, for example, the supreme court's ruling had the effect of upholding defendant's *concurrent* sentencing for his sexual abuse convictions which had been committed in connection with an aggravated sexual assault. Only the sexual assault conviction was made consecutive under section 5—8—4(a),

not the abuse convictions, which fall outside the language of section 5—8—4(a). The issue thus becomes whether defendant's sentences for aggravated kidnaping must be served consecutively or concurrently to one another, after the aggravated sexual assault convictions. The issue is whether defendant should be sentenced to 36 or 40 years in the penitentiary.

Despite its arguments before the trial court, the State now argues that defendant was properly sentenced to consecutive sentences for his aggravated kidnaping convictions under the terms of section 5—8—4(b). (730 ILCS 5/5—8—4(b) (West 1992).) This section states that the trial court shall not sentence a defendant to consecutive terms unless "it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." (730 ILCS 5/5—8—4(a) (West 1992).) While the trial court did not make such a finding, the State notes that the court's failure to do so does not necessarily invalidate the sentence. *People v. Woods* (1985), 131 Ill. App. 3d 51, 475 N.E.2d 589; *People v. Hicks* (1983), 112 Ill. App. 3d 303, 446 N.E.2d 516.

While a statement by the trial court mirroring the words of section 5—8—4(b) is not a prerequisite for us to uphold the imposition of a consecutive sentence (*People v. Mays* (1992), 230 Ill. App. 3d 748, 595 N.E.2d 1088; *People v. Miller* (1983), 115 Ill. App. 3d 592, 450 N.E.2d 767), the record must show that the sentencing court was of the opinion that a consecutive term is necessary for the protection of the public. (*People v. Pittman* (1982), 93 Ill. 2d 169, 178, 442 N.E.2d 836.) We are mindful of the presumption that the trial court knows the law and has correctly applied it. We also recognize that nothing in the record indicates that the trial court misunderstood the requirements of section 5—8—4(a) and section 5—8—4(b). Nonetheless, the record creates doubt as to whether defendant was sentenced properly. We are struck by the fact that the *only* section discussed by the attorneys prior to sentencing was section 5—8—4(a) and that the State argued for the improper application of section 5—8—4(a) to the kidnaping charges.

Where the record does not provide us with the means sufficient to determine the basis upon which the trial court fixed a particular sentence, we may find an abuse of discretion and remand the case. (*Toliver*, 251 Ill. App. 3d at 1101, citing *People v. Fort* (1992), 229 Ill. App. 3d 336, 340, 592 N.E.2d 1205; *People v. Bergman* (1984), 121 Ill. App. 3d 100, 109, 458 N.E.2d 1370.) Under these facts, we believe the best course is to remand the matter of defendant's sentencing on the aggravated kidnaping charges back to the circuit court with

instructions to make a clear record of the reasons for imposing consecutive sentences for these convictions. If the court does not determine that consecutive sentencing on these charges is required to protect the public, section 5—8—4(b) mandates concurrent sentencing. Defendant's sentence in such a situation should be for 36, rather than for 40, years. To the extent that *People v. Cooper* (1992), 239 Ill. App. 3d 336, 356-61, 606 N.E.2d 705, holds that this interpretation of section 5—8—4(b) is improper, we respectfully disagree.

Defendant next challenges the length of his aggravated criminal sexual assault sentences. Defendant was sentenced to four consecutive eight-year terms in the penitentiary for his aggravated criminal sexual assault upon the victims. Aggravated criminal sexual assault is a Class X felony, carrying a minimum sentence of 6 years and a maximum sentence of 30 years. (720 ILCS 5/12—14; 730 ILCS 5/5—8—1 (West 1992).) Defendant claims that there is no basis in the record to support sentences above the six-year minimum.

The determination and imposition of a sentence are matters involving considerable judicial discretion and the standard of review to be applied in determining whether a sentence is excessive is whether the trial judge abused his discretion in imposing sentence. *People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344; *People v. Duncan* (1990), 196 Ill. App. 3d 343, 345, 553 N.E.2d 774.

■ In this case, the defendant had no prior criminal history, was employed as a security guard for the Chicago Housing Authority and was a veteran, having received an honorable discharge from the military. In addition, defendant served as a member of the National Guard. The facts of the crime, however, provide sufficient aggravation to support the trial court's above-minimum sentence. For example, the victims in this case were abducted off the street after the defendant indicated to them that he was a police officer. During the assault he handcuffed one of the victims to the steering wheel of his car and asked the women if they wanted to die or to go to jail. The trial court could reasonably have concluded that the handcuffs used in the assault were obtained in connection with defendant's employment. Indeed, defendant was arrested in his security uniform and was in possession of handcuffs shortly after the assault. Threats of violence by a defendant or the use by him of his position in the community to afford him an easier means of committing his crime are statutory aggravating factors. 730 ILCS 5/5—5—3.2 (West 1992).

Moreover, following the assault on both women, defendant told the women "now we are all one big happy family." He additionally told them that if one got pregnant, he would return to claim his child. These statements were particularly cruel following the nature

of the ordeal the women had been forced to endure and we believe constitute an aggravating factor sufficient to enhance the defendant's sentence above the statutory minimum. See *People v. Allen* (1983), 119 Ill. App. 3d 845, 457 N.E.2d 77 (trial court may consider aggravating factors not expressly enumerated by provisions of section 5—5—3.2).

Finally, defendant claims that the court allowed the introduction of impermissible hearsay testimony when one of the police officers restated what one of the victims on the scene told her about the incident. The trial court overruled the defendant's objection, allowing the officer to describe what one of the women told her regarding the offender and his clothing, as well as the type and color of his car.

■ Defendant's argument overlooks the fact that the legislature has enacted a specific exception to the hearsay rule which allows the officer's testimony in this case. Section 115—12 of the Code of Criminal Procedure states that "[a] statement is not rendered inadmissible by the hearsay rule if (a) the declarant testifies at the trial or hearing, and (b) the declarant is subject to cross-examination concerning the statement, and (c) the statement is one of identification of a person made after perceiving him." (725 ILCS 5/115—12 (West 1992).) "It is well established that where a victim had previously testified concerning his statements to police identifying the defendant as his assailant, the police officer's later testimony regarding that identification is not rendered inadmissible by the hearsay rule." *Clark*, 160 Ill. App. 3d at 888, citing *People v. Robinson* (1977), 47 Ill. App. 3d 48, 52, 361 N.E.2d 759.

For the foregoing reasons, defendant's convictions are affirmed, although one of his two sentences for aggravated kidnaping is vacated; the matter is remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in part; vacated in part and remanded with directions.

EGAN, P.J., and RAKOWSKI, J., concur.